FORD IMPLEMENT CO. *v.* SPENCE, DEPUTY SHERIFF.

*(Jackson,* April Term, 1944.)

Opinion filed May 6, 1944.

ROBERT P. ADAMS, of Trenton, for plaintiff in error.

JOE A. GORDON, of Kenton, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Ford Implement Company, doing business at Rutherford in Gibson County, instituted this suit by replevin to recover possession of an old tractor. The tractor had at the time been levied on as the property of R. K. Boyd, a judgment debtor. The defendant in the instant case is the levying officer. The plaintiff contended that the title to the tractor had passed to it by virtue of a sales agreement. The circuit judge, trying the case without the intervention of a jury, found for the defendant on the theory that the title to the tractor had not passed at the time of the levy, and on appeal in error his judgment was affirmed by the Court of Appeals. Following the granting of the writ of *certiorari* by this Court, the case has been fully argued at the bar.

The plaintiff and Boyd entered into a contract in writing on November 8, 1941, under the terms of which Boyd agreed to exchange a Model BAC tractor and cultivator owned by him and originally bought from the plaintiff for a new and larger tractor of the same make at an agreed value of the old tractor to be credited on the purchase price of the new tractor and to execute his note retaining title to the new tractor upon its delivery to his farm near Rutherford. No other paper writing was ever executed by Boyd. It appears, however, that the plaintiff did not own this new tractor and did not have one on its floor at Rutherford, and it was necessary for plaintiff to obtain from Boyd a purchase order and await the action of the Allis-Chalmers Manufacturing Company approving the exchange of the tractors and forwarding what is termed a "Delivery Authorization." This "Delivery Authorization" was executed on November 13,

1941, or two days after the execution was levied. Both Boyd and a representative of the Ford Implement Company testified that they considered the old tractor to be the property of the plaintiff upon the execution of the sales agreement on November 8, 1941.

The question presented is: Did the title to the old tractor pass to the plaintiff, Ford Implement Company, on November 8, 1941?

The plaintiff relies on our Uniform Law of Sales of Goods in the Code providing, in part, as follows:

"7211. Property in specific goods passes when parties so intend.—(1) Where there is a contract to sell specific or ascertained goods, the property in them is transferred to the buyer at such time as the parties to the contract intend it to be transferred.

"(2) For the purpose of ascertaining the intention of the parties, regard shall be had to the terms of the contract, the conduct of the parties, usages of trade, and the circumstances of the case."

"7212. Rules for ascertaining intentions.—Unless a different intention appears, the following are rules for ascertaining the intention of the parties as to the time at which the property in the goods is to pass to the buyer.

"Rule 1. Where there is an unconditional contract to sell specific goods, in a deliverable state, the property in the goods passes to the buyer when the contract is made and it is immaterial whether the time of payment, or the time of delivery, or both be postponed."

The "Delivery Authorization" executed two days after the levy provides: "This authorization is issued subject to ability of company to provide machinery sold, as and when available." And it further provides: "Settlement is to be made before delivery of the machinery to pur-

chaser, and is to be sent immediately to the Company at the time of such delivery.''

Mr. Ford, testifying for the plaintiff, says: ''We buy and sell, they (Allis-Chalmers Company) have to give us delivery authorization, and when they give us that authorization, that binds them to deliver the tractor.'' Further he says: ''If, sometimes, they had failed to deliver the tractor. it might be a possibility that the trade would be off.''

We are of opinion that the sales contract was executory in its nature and something else had to be done by the plaintiff before the title passed to Boyd on November 8, 1941. The rules set out in section 7212 of the Code have application only when the intention cannot be arrived at under section 7211. We think it clear that under section 7211 the title to the tractor in question had not passed when the levy was made. *Young* v. *Harris-Cortner Co.*, 152 Tenn., 15, 268 S. W., 125, 54 A. L. R., 516.

It results that we find no error in the judgment of the Court of Appeals and it is affirmed.