## POOL v. GEORGE. No. 6—209 S. W. (2d) 55.

Eastern Section.   November 24, 1947.

Petition for Certiorari denied by Supreme Court, February 28, 1948.

Schoolfield & Graham, of Chattanooga, for plaintiff in error.

Robert C. Hunt, of Chattanooga, for defendant in error.

McAMIS, J.   This is a replevin suit involving a 1946 Chrysler automobile.  The trial court found that the defendant Pool was not a bona fide purchaser for value and awarded possession of the car to plaintiff George. The defendant appeals in error.

Plaintiff Henry George is a used car dealer of Wichita, Kansas.  On Saturday, October 19, 1946, one James E. Le Jean came to his place of business in Wichita and represented himself as being on leave of absence from the United States Navy and temporarily connected with the public health service in Atlanta, Georgia, as a physician doing research in malaria.  He presented spurious credentials showing his connection with the public health service and upon the strength of these credentials and the representation that he was an ex-service man, George sold him the Chrysler automobile here involved

taking a check for $1,613 on the "Farmers and Merchants Bank" of Atlanta, Georgia.

The sale was consummated on Sunday, October 20, 1946, but the check was post dated Monday, October 21, 1946. The car and a bill of sale reciting a cash transaction and warranting the car to be free of all encumbrances, together with the bill of sale under which George acquired title, were delivered to Le Jean on Sunday. When plaintiff offered to deposit the check in Wichita on Monday he discovered that there was no such bank in Atlanta. He admits that he made no investigation as to Le Jean's financial worth and standing or whether the check was good before delivering the title papers and the car.

Armed with these indicia of title Le Jean drove the car to Chattanooga where he had it registered under the name "James Dupont." He then went to the Austin Motor Company in Chattanooga and offered the car for sale. At about 11:00 A. M. on October 29, 1946, defendant went to the Austin Motor Company to purchase an automobile and found Le Jean there in conversation with Mr. Austin of the Austin Motor Company. Austin reported to Pool that Le Jean was offering the Chrysler for sale and suggested that he buy it. Pool then talked with Le Jean and after the latter had represented himself as being connected with the public health service at Atlanta and that he had suddenly been transferred to London, England, and had exhibited to Pool the title papers already referred to, Pool paid Le Jean $1,200 in cash for the car. Le Jean then drove Pool to his home in Chattanooga and, after removing the Tennessee license plates, left in a taxicab. Pool says he had already purchased the car when the license plates were removed and that he

had not noticed that the car bore Tennessee license plates until they were removed by Le Jean. Finding the car in Chattanooga in Pool's possession, the present action was instituted by George in the Circuit Court of Hamilton County on November 8, 1946. These are the undisputed facts.

■ As between the vendor and a bona fide purchaser for value from the vendee, the vendor is estopped from claiming title by the delivery of possession with the title papers. The primary duty rests upon the vendor to exercise diligence to guard against the fraud of the vendee before clothing him with apparent title and possession. The law applies the maxim that, where one of two innocent persons must suffer, the loss must fall upon the one by whose act it was occasioned. Arendale v. Morgan & Co., 37 Tenn. 703, 712-714 and cases cited in Young v. Harris-Cortner Co. 152 Tenn. 15, 268 S. W. 125, 128, 54 A. L. R. 516.

In the latter case and in Cowan et al. v. Thompson et al., 25 Tenn. App. 130, delivery of possession alone unaccompanied by indicia of title was held insufficient to defeat the right of a defrauded vendor from recovering possession from a bona fide purchaser for value. In Young v. Harris-Cortner Co. the distinction running through these cases between sales with, and without the passing of indicia of title was thus summed up: "It is possession coupled with indicia of title that estops the true owner from asserting claim to the goods."

■ We have concluded that the circumstances carry for defendant the burden of proving that his purchase of the car was in good faith. Le Jean's speech and appearance seem to have inspired confidence as evidenced by the fact that he was able to dupe plaintiff, an experienced

automobile dealer. He came openly into the dealer's place of business in Chattanooga and every circumstance tended to dispel suspicion. The title papers he bore appeared to be in order as, in fact, they were. He offered the reasonable explanation of his desire to sell- that he had been transferred suddenly to London, England, and that his wife had another car. Carrying the deception down to the most minute detail he had placed a child's clothing in the car. In addition, defendant acted partly on the suggestion of an established dealer that he purchase the car. It is true the dealer did not buy the car. But there is nothing to indicate that his suspicions were aroused until the following day.

Stress is laid on the fact that Le Jean was offering the car for $400 less than he appeared to have paid a few days before in Wichita and that defendant would have discovered, if he had gone to the County Court Clerk's office to check the registration, that the car was registered under the name of "Du Pont" and not in the name of Le Jean.

We do not think the disparity in price alone was sufficient. Dealers' prices are necessarily higher in order to enable the dealer to make a profit and Le Jean's statement that he had suddenly been transferred to London offered a plausible explanation of his willingness to sell at a sacrifice price. Moreover, plaintiff himself refused to give his opinion as to the market value of a 1946 Chrysler until prodded by the Court, giving as the reason for his reluctance that he had never owned a 1946 Chrysler. He did testify that there was a great demand for cars at O. P. A. maximum prices; but that "the market is up and down, every two or three days."

The effect of a purchase at less than market value must be ajudged in the light of all the circumstances and, of course, the greater the disparity the greater the cause for suspicion. If we consider the O. P. A. ceiling as establishing the market price, a matter of some doubt in view of plaintiff's testimony, the difference was approximately 25%. In view of all the circumstances and especially Le Jean's explanation of his reason for selling and the fact that he held title papers showing two previous transfers reciting full payment of the purchase price, we cannot say the price at which the property was offered for sale was sufficient to put defendant on inquiry. See 55 C. J. 611, 612 and cases cited under note 41.

We do not think there is any imputation of negligence or bad faith in the fact that defendant failed to demand a copy of the registration certificate. He testified without contradiction that he had bought used cars before without getting evidence of registration and without obtaining license plates and that he did not notice that the car bore a Tennessee license until Le Jean removed them in front of his home. The sale then had already been made and Le Jean left immediately.

Automobile registration laws are not intended to serve as a means of determining ownership and in at least one case it has been held that the registration of an automobile does not constitute constructive notice of the existence of facts preventing a buyer from becoming a bona fide purchaser. Cadwallader v. Clifton R. Shaw, Inc., 127 Me. 172, 142 A. 580.

It seems to us that plaintiff's negligence far surpasses any negligence on the part of defendant in falling prey to a man who was quite evidently an artist

of no mean ability and who was fortified with title papers placed in his hands by plaintiff himself. Since one must suffer we think the loss should fall on plaintiff. The judgment will be reversed, judgment entered here for defendant and the cause remanded to fix damages for detention. Costs will be taxed to plaintiff.

Hale and Darwin, JJ., concur.