JACKSON *v.* WALLER.

(*Knoxville,* September Term, 1949.)

(May Session, 1950.)

Opinion filed June 9, 1950.

C. A. MANER and ERBY L. JENKINS, both of Knoxville, for plaintiff in error.

POORE, COX, BAKER & McAULEY, of Knoxville, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is an action in detinue seeking to recover possession of a 1948 Chevrolet automobile of the value of $1300, and damages for its detention. The trial judge sustained a demurrer to the declaration and dismissed the action.

The declaration, insofar as is here necessary to refer to, avers that the plaintiff in error was the owner of the automobile in question when ''one Ralph D. Davis, alias,'' proposed to buy said automobile; that said Davis showed him a duplicate deposit slip of a reputable bank showing a deposit of $2,650; that he sold Davis the car for $1350, turning the automobile over to Davis along with a purchase order for said automobile; that he took Davis' check in payment for the automobile and attached to the

check a bill of sale for the automobile to be delivered to Davis with his cancelled check; that the check did not clear the bank; that Davis traded the Chevrolet for another model car and cash "presenting as evidence of his title a carbon copy of an order for said automobile which order showed upon its face that the purchase price was $1350.00." The original of this purchase order is attached to the declaration as amended.

The demurrer of the defendant is that "under the facts averred", the plaintiff "is estopped to assert any claim against the defendant for damages or possession of said automobile."

█ Ordinarily the mere intrusting another with the possession of an automobile will not preclude the true owner from asserting his right to the automobile but when the owner couples possession with indicia of title then the true owner is estopped to assert a claim as against a purchaser for value from the one to whom possession plus indicia of title has been given by the true owner. *Young* v. *Harris-Cortner Co.*, 152 Tenn. 15, 268 S. W. 125, 54 A. L. R. 516; *Pool* v. *George*, 30 Tenn. App. 608, 209 S. W (2d) 55; 46 Am. Jur., Sec. 463, p. 626.

█ In *Pool* v. *George, supra, certiorari* denied by this Court, the reason for the rule is stated thus: "As between the vendor and a *bona fide* purchaser for value from the vendee, the vendor is estopped from claiming title by the delivery of possession with the title papers. The primary duty rests upon the vendor to exercise diligence to guard against the fraud of the vendee before clothing him with apparent title and possession. The law applies the maxim that, where one of two innocent persons must suffer, the loss must fall upon the one by whose act it was occasioned." [30 Tenn. App. 608, 209 S. W. (2d) 56.]

Apparently the plaintiff in error does not question the rule or the justness thereof. His argument and insistence is that the order blank does not amount to a sufficient indicia of title to support the rule; that the fact that a bill of sale was not delivered but attached to the check only to be delivered when the check was paid counteracts any effect the order blank might have; that this shows no title was intended to be passed until the check was paid. He likewise relies on certain sections of the Uniform Sales Law, now codified, Code, Sections 7211-7216, as to intention of the parties etc. These Code sections are not applicable here. It is not a question as to the intention of the plaintiff in error but what he did to clothe another with apparent title so that an innocent person might be entrapped.

It seems to us that this order blank was a sufficient indicia of title along with the possession of the automobile to estop the plaintiff in error from claiming the car as to an innocent third party. To all intents and purposes this carbon copy of an order blank showed that Davis had purchased the car for $1350 which was paid. It is signed "Jackson Motor Sales, By Jackson". A bill of sale is not necessary to transfer title. The order blank would indicate to anyone that the purchaser had bought the automobile and paid for it. How easy it would have been for the plaintiff in error to write, in lay language, most anything to show that title was not to pass until the check was honored. It seems to us the loss here was due to the plaintiff's negligence—his lack of due care for his interests—and his arming another with a clear indicia of ownership.

The judgment below must be affirmed with costs.

All concur.