## GILL for Use and Benefit of RAWDON v. PASCHAL et al.—248 S. W. (2d) 325.

Middle Section.   November 30, 1951.

Petition for Certiorari Denied by Supreme Court, March 7, 1952.

Williams, Cummings & West, Kenneth Harwell, and James C. Summers, all of Nashville, for plaintiff in error.

Jacobs H. Doyle, and Frank Ratner, both of Nashville, for defendants in error.

HOWELL, J.   This is a suit for the conversion of a 1949 model Chevrolet automobile.

Upon the last trial in the Circuit Court the defendant's motion for a directed verdict was granted by the Court and the suit was dismissed.

The plaintiff has appealed in error to this Court and has assigned as errors the action of the Court in granting the motion and dismissing the suit.

The material facts are not disputed.

The plaintiff is an automobile dealer doing business under the trade name of Gill Motor Sales Company at Akron, Ohio.   He purchased the automobile in question and took title in the name of "John Rawdon".   Plaintiff then took the car to Louisville, Kentucky, and sold it at a dealers Auction to R. L. Devers and received a check from Devers for $1,575.00.   The certificate of title required under the Ohio law was attached to the check and plaintiff turned over to Devers an invoice showing that the automobile had been purchased from Evans Chevrolet Company by John Rawdon for $1,569.70 cash.

R. L. Devers, trading under the name of the South Kentucky Auto Sales, took the car to an auction house in Murfreesboro, Tennessee, where it was sold to the defendant Hazel Padgett.   The car did not have any license plates on it and Devers handed to Hazel Padgett the original invoice showing the car bought from Evans Chevrolet Company by John Rawdon and showed a bill of sale from the Louisville Auction Company.

Hazel Padgett operates the Hazel Padgett Motor Company and sold the automobile to a dealer at Centerville, Tennessee.

The check given by Devers to the plaintiff was not paid by the bank because of insufficient funds and the certificate of title remained with the check. It is insisted for the plaintiff that the title to the car did not pass to Devers because the check with the certificate attached was never paid. All parties involved are dealers in automobiles and it does not appear that the defendant had any notice or knowledge of any understanding between the plaintiff and Devers as to when the title to the car should pass. Devers had the invoice showing the car was bought by John Rawdon and he had the car which he took to Murfreesboro and sold. He does not testify in this case.

A case with similar facts was heard and decided by the Supreme Court at it's May Term 1950. In Jackson v. Waller, 190 Tenn. 588, 230 S. W. (2d) 1013, the Court said:

"Ordinarily the mere intrusting another with the possession of an automobile will not preclude the true owner from asserting his right to the automobile but when the owner couples possession with indicia of title then the true owner is estopped to assert a claim as against a purchaser for value from the one to whom possession plus indicia of title has been given by the true owner. Young v. Harris-Cortner Co., 152 Tenn. 15, 268 S. W. 125, 54 A. L. R. 516; Pool v. George, 30 Tenn. App. 608, 209 S. W. (2d) 55; 46 Am. Jur., sec. 463, p. 626.

"In Pool v. George, supra, certiorari denied by this Court, the reason for the rule is stated thus: 'As between the vendor and a bona fide purchaser

for value from the vendee, the vendor is estopped from claiming title by the delivery of possession with the title papers. The primary duty rests upon the vendor to exercise diligence to guard against the fraud of the vendee before clothing him with apparent title and possession. The law applies the maxim that, where one of two innocent persons must suffer, the loss must fall upon the one by whose act it was occasioned.' 30 Tenn. App. 608, 209 S. W. (2d) 56.

"Apparently the plaintiff in error does not question the rule or the justness thereof. His argument and insistence is that the order blank does not amount to a sufficient indicia of title to support the rule; that the fact that a bill of sale was not delivered but attached to the check only to be delivered when the check was paid counteracts any effect the order blank might have; that this shows no title was intended to be passed until the check was paid. He likewise relies on certain sections of the Uniform Sales Law, now codified, Code, Sections 7211-7216, as to intention of the parties, etc. These Code sections are not applicable here. It is not a question as to the intention of the plaintiff in error but what he did to clothe another with apparent title so that an innocent person might be entrapped.

"It seems to us that this order blank was a sufficient indicia of title along with the possession of the automobile to estop the plaintiff in error from claiming the car as to an innocent third party. To all intents and purposes this carbon copy of an order blank showed that Davis had purchased the car for $1350 which was paid. It is signed 'Jackson Motor Sales, by Jackson'. A bill of sale is not necessary to

transfer title. The order blank would indicate to anyone that the purchaser had bought the automobile and paid for it. How easy it would have been for the plaintiff in error to write, in lay language, most anything to show that title was not to pass until the check was honored. It seems to us the loss here was due to the plaintiff's negligence— his lack of due care for his interests—and his arming another with a clear indicia of ownership.''

See also Pool v. George, 30 Tenn. App. 608, 209 S. W. (2d) 55.

In Vol. 47, American Jurisprudence, Section 862 it is said:

''The authority of the vendee to resell may be actual, either express or implied, or apparent, arising from facts and circumstances which create an estoppel against the conditional vendor. However, the distinction between apparent and implied authority, which latter may also arise from facts and circumstances surrounding a transaction, but is equivalent to actual authority and does not operate by way of estoppel, is not always observed in the cases. Implied authority may be negatived by express restrictions upon the authority of the conditional vendee. Apparent authority, however, cannot be so negatived. If a situation is created such as to give rise to an apparent authority in the conditional vendee to resell the property, and he does resell to a bona fide purchaser for value, the estoppel operates notwithstanding the sale has taken place directly contrary to the conditional vendor's instructions. Authority to sell also sometimes results from operation of a statute, such as those which provide that as to purchasers from the vendee, one in possession of

goods for the purpose of sale shall be deemed the true owner of the goods.

"Most cases involving the validity and effect of a conditional sales contract under which a vendee is authorized to sell relate to sales to dealers for resale. Often the authority of the dealers to resell is express, but almost invariably it is held that they may transfer good title to a purchaser, which holding necessarily implies that in the absence of express authority the situation gives rise to implied or apparent authority. Whether implied or apparent authority to sell exists depends upon whether the conditional vendor knew or should have known that the goods were purchased for resale. It has been held that an implied power to resell arises from a sale of goods to a dealer in such goods, but more often it is held that upon a sale to such a dealer he is invested with an apparent authority to sell. At least, delivery of possession by a vendor with knowledge that the vendee is a dealer and is to display the property for sale vests the dealer with such indicia of title as to estop the vendor from claiming the property from a bona fide purchaser thereof for value without notice of the vendor's claim."

Under the facts of this case we are of the opinion that the plaintiff, when he delivered the automobile with invoice showing John Rawdon to be the owner and accepted Dever's check is estopped from now asserting title to the car as against the innocent purchaser, the defendant Hazel Paschal.

The assignments of error are overruled and the judgment of the Circuit Court dismissing the suit is affirmed.

The plaintiff will pay the costs.

Affirmed.

Felts and Hickerson, JJ., concur.