Ohio Motors, Inc. *v.* Russell Willis, Inc. *et al.*

(*Nashville,* December Term, 1951.)

Opinion filed March 7, 1952.

Dan E. McGugin, of Nashville, for complainant.

JUDSON HARWOOD, of Nashville, for defendants.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The only question presented by the appeal is whether the complainant, Ohio Motors, Inc., or the defendant, Russell Willis, Inc., owns and is entitled to possession of a Pontiac automobile of the value of $1,875, which was transferred from the Ohio Company to the Nashville Company, under the following admitted facts: On March 23, 1948, one C. B. Pruitt went to the place of business of the Ohio Company in Columbus, Ohio, and offered to buy the Pontiac automobile for $1,875 cash. Pruitt gave a check on a Florida bank in the amount of $1,875 in payment for the automobile. Complainant refused to accept the check in full and final payment, but did accept the check conditionally, and attached to it the State Certificate of Title with the agreement that when the check was cashed, the Certificate of Title should be delivered to Pruitt.

Pruitt was allowed to take immediate possession of the car, drove it to Nashville, and there, having attached Tennessee license plates, sold it to the defendant. Except for the insistence that the car bore Tennessee license plates, and that defendant knew nothing of the rights of

the complainant at the time of its attempted purchase from Pruitt, the defendant makes no averment of any representation by Pruitt that he had title to the automobile, or a right to sell it.

The case was heard by the Chancellor on bill and answer. He entered a decree for the complainant for immediate possession of the automobile, or in the alternative, for a decree for $1,875, that being the price agreed to have been the reasonable value of the car at the time of the transactions herein.

The case is controlled by the Uniform Sales Act, and cases involving conditional sales and chattel mortgages have no application to the present question. A summary of relevant sections of the Uniform Law of Sales of goods which is carried in our Code in Sections 7194-7270, and in the official Code of Ohio, in Sections 8381-8456 is as follows: Our Code Section 7211(1) provides that title passes according to the intention of the parties to the contract; Section 7213(1) provides that the seller may "reserve the right of possession or property in the goods until certain conditions have been fulfilled"; and Section 7216(1) provides, "subject to the provisions of this Article, where goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell."

██ ██ Applying these rules to the established facts of the present case, it is clear that the original parties did not intend that title should pass to Pruitt, or that he should have a right to sell until the check had been honored by the Florida bank. The only conduct of the Ohio Company which might conceivably be construed

to have estopped complainant from denying Pruitt's authority to sell, was that the Ohio Company parted with the possession of the automobile. Under many of our reported decisions, the mere parting with possession of the goods with no indicia of title, is not sufficient to raise such an estoppel.

" 'Although intrusting possession to another may lead an innocent third person to believe the possessor is the owner, no court has ever gone so far as to hold that the mere intrusting with possession would preclude ,the owner from asserting his title. * * *'"

The foregoing quotation from Williston on Sales, p. 718, was quoted with approval in *Young* v. *Harris-Cortner Co.*, 152 Tenn. 15, 26, 268 S. W. 125, 128, 54 A. L. R. 516, and we find that the decision in *Young* v. *Harris-Cortner Co.*, is controlling.

However, the case of *Jackson* v. *Waller*, 190 Tenn. 588, 590, 230 S. W. (2d) 1013, goes further, and holds:— (1) That the mere transfer of possession is not enough to preclude the true owner from asserting his title, and (2) that to create such an estoppel, the seller must clothe the purchaser with some *written indicia* of title.

▌ Therefore, in the present case, since the parties clearly did not intend that title passed to Pruitt until the check was honored by the Florida bank, and since the Ohio Company clothed Pruitt with no indicia of title, and the defendants make no claim that Pruitt ever asserted that he had title to the automobile, there was no conduct on the part of the complainant which precluded it from asserting title and its true ownership of the automobile.

Decree affirmed.

All concur.