H. C. EDWARDS, JR., d/b/a Edwards Motor Company,
Plaintiff-Plaintiff-in-Error, v. CENTRAL MOTOR
COMPANY, Defendant-Defendant-in-Error.
—277 S. W. (2d) 413.

Middle Section.   July 30, 1954.

Affirmed by Supreme Court, March 11, 1955.

W. C. Sugg, S. L. Felts, Jr., both of Nashville, for plaintiff in error.

C. Vernon Hines, of Nashville, for defendant in error.

Published upon recommendation of Supreme Court.

HICKERSON, J.   H. C. Edwards, Jr., brought this replevin action against Central Motor Company to recover possession of a Studebaker automobile. The trial judge, without a jury, dismissed plaintiff's suit.

Only one determinative question is made by the assignments: Does the evidence preponderate against the judgment of the trial court?

There is no dispute about the material facts. Plaintiff was an automobile dealer operating in Lawrenceburg, Tennessee. On August 1, 1952, he sold the new automobile in question to T. C. McDonald for $2,500. The deal was a cash transaction. McDonald traded a used car for $1,375.77 on the new car and gave his check for $1,126.50 for the balance. The small difference in the sum of the price of the trade-in car and the check and the price of the new car represents certain fees. Plaintiff executed a notarized bill of sale for the new car; and kept the original of same and a power of attorney from McDonald to be used by plaintiff to get a title certificate for the new car for McDonald. McDonald was given possession of the new car and a carbon copy of the bill of sale signed by plaintiff. The parties did not intend for title to the new car to pass to McDonald until the check "cleared" or was paid. Upon presentation the check which McDonald gave plaintiff was dishonored. Every effort was made by plaintiff to "cash" the check with no success. It has never been paid.

When the check was dishonored, plaintiff tried to locate the car in question. He found it in possession of defendant and requested that it be returned to him. Defendant refused the request, and this suit was brought.

McDonald sold the new car to Sharp Buick Company of Lewisburg, Tennessee. Defendant was present when this trade was made. The proof does not show that McDonald exhibited his carbon copy of the bill of sale from plaintiff to him to the Sharp Buick Company. McDonald did execute his own bill of sale of the car to Sharp Buick Company when he sold the car to it. Defendant bought the car from Sharp Buick Company. Neither Sharp nor defendant relied upon the carbon copy of the bill of sale from plaintiff to McDonald when Sharp bought the car

from McDonald and when defendant bought the car from Sharp.

Under this record, neither Sharp nor defendant knew that McDonald had a copy of the bill of sale from plaintiff when these parties traded for the car. To the contrary, Sharp relied solely on the bill of sale which McDonald gave it and defendant relied on the bill of sale which McDonald gave Sharp and the bill of sale which Sharp gave defendant.

Some question is made in the argument as to whether McDonald was a dealer or an individual buyer. There is no conflict in the proof on this question when tested by the Tennessee statute. Acts of 1951, Chapter 70, Section 13 Code, Sec. 5538.113. McDonald was not a dealer. As we view the case, this factual question is not involved in the suit.

The point is also made that McDonald was a nonresident of Tennessee, and should be given the benefit of the Tennessee statute. Acts of 1951, Chapter 70, Section 58 Code, Sec. 5538.158. If this statute would be of benefit to defendant in the case on trial, McDonald did not bring himself within its provisions relating to nonresidents; for he did not have the car registered in the state of his residence with license plates issued by that state displayed upon it while operating the car in Tennessee as required by the Tennessee statute.

■■ It is our conclusion that legal title to this automobile did not pass from plaintiff to McDonald under the laws of this state relating to transferring title and registration of motor vehicles. Legal title to the automobile remained in plaintiff in so far as this statute is concerned.

Code Section 7211 provides:

"Property in specific goods passes when parties so intend.—(1) Where there is a contract to sell specific or ascertained goods, the property in them is trans-

ferred to the buyer at such time as the parties to the contract intend it to be transferred.

"(2) For the purpose of ascertaining the intention of the parties, regard shall be had to the terms of the contract, the conduct of the parties, usages of trade, and the circumstances of the case."

When a sale is made for cash, the payment of a check for the purchase price is a condition precedent to the passing of title to the purchaser. Ohio Motors, Inc. v. Russell Willis, Inc., 193 Tenn. 524, 246 S. W. (2d) 962; Ford Implement Company v. Spence, 181 Tenn. 242, 181 S. W. (2d) 3, 5; Hale & Company v. Beley Cotton Company, 154 Tenn. 689, 290 S. W. 994; Young v. Harris-Cortner Company, 152 Tenn. 15, 268 S. W. 125, 54 A. L. R. 516; Dillard & Coffin Company v. Beley Cotton Company, 150 Tenn. 195, 198, 199, 263 S. W. 87; Cowan v. Thompson, 25 Tenn. App. 130, 152 S. W. (2d) 1036.

Plaintiff and McDonald did not intend for title to this automobile to pass to McDonald until the check which he gave plaintiff for the purchase price was paid. Since McDonald had no title to the automobile, he could not pass title to it to Sharp Buick Company. A man cannot give that which he has not. No act of defendant would cause title to this automobile to become vested in Sharp Buick Company. Now, plaintiff might, by his own acts, create a situation where he would be precluded from asserting ownership of the car under the theory and doctrine of estoppel which we shall discuss hereinafter.

We have dealt with this question of whether legal title in this automobile passed from plaintiff to McDonald because the parties have discussed the question in their briefs. However, in view of the statement in defendant's brief in this court, we understand that defendant does not

contend that legal title to the automobile passed from plaintiff to McDonald.

On page two of the reply brief, it is said:

"There are two questions presented to the Court by this appeal:

"1. Whether or not Edwards, in arming McDonald with an indicia of title, together with possession of the automobile, is estopped from asserting ownership to the automobile as against an innocent purchaser when the check given for its purchase was returned by the bank on which it was drawn.

"2. Whether or not the Tennessee Automobile certificate of Title Law changed the rule in the above circumstances."

Question one, supra in the reply brief does state the controlling question for our determination when the rules of estoppel are applied to the facts of the case on trial. We hold the carbon copy of the bill of sale which plaintiff issued to McDonald was an indicia of title in McDonald. Jackson v. Waller, 190 Tenn. 588, 230 S. W. (2d) 1013; Gill for Use and Benefit of Rawdon v. Paschal, 35 Tenn. App. 458, 248 S. W. (2d) 325.

The rule of law which governs the factual situation presented here is this:

"If the owner is by his conduct precluded from denying the seller's authority to sell, the buyer may acquire a valid title, although the seller had neither title nor authority to transfer title. This is an application of the familiar doctrine of estoppel. In order to give rise to an estoppel it is essential that the party estopped shall have made a representation by words or acts and that someone shall have acted on the face of this representation in such a way that he cannot without damage withdraw from the transaction."

Williston on Sales, Revised Edition, 1948, Vol. 2, Sec. 312; Kelly v. Cliff Pettit Motors, 191 Tenn. 390, 234 S. W. 2d 822; Osborne Company v. Baker, 35 Tenn. App. 300, 245 S. W. 2d 419; Dunlap v. P'Pool, 6 Tenn. App. 91; Wallace v. P'Pool, 4 Tenn. App. 30.

■ The defense of estoppel is an affirmative defense, and the burden of proof is upon the party asserting estoppel to prove the essential facts to establish the estoppel. Borches & Co. v. Arbuckle Brothers, 111 Tenn. 498, 78 S. W. 266; Balderacchi v. Ruth, 36 Tenn. App. 421, 256 S. W. (2d) 390; Gibson's Suits in Chancery, Fourth Edition, Sections 441, 443, and 470.

■ Defendant testified positively that he did not see nor rely upon the copy of the bill of sale which plaintiff executed and delivered to McDonald. As stated, defendant relied strictly upon the bills of sale executed by McDonald to Sharp and by Sharp to defendant. There is no proof in the record that Sharp ever saw the bill of sale from plaintiff to McDonald or knew that it existed. Wherefore, neither Sharp nor defendant relied upon the copy of the bill of sale executed by plaintiff to McDonald when they purchased this automobile. It follows that neither Sharp nor defendant were misled or suffered damage by the acts of plaintiff which are asserted as constituting an estoppel against plaintiff to claim legal ownership of the automobile. Wherefore, plaintiff can claim title to the automobile. Legal title to the automobile was in plaintiff. He was entitled to recover possession of it from defendant. The trial court committed reversible error in holding to the contrary.

The record shows there is no disagreement between the parties in regard to the value of this automobile and the settlement of the case when the court decides the ques-

tion: Which party was entitled to the possession of the automobile?

The judgment of the circuit court is reversed. Judgment will be entered in this Court sustaining the replevin suit of plaintiff and declaring that plaintiff was the owner and entitled to recover possession of the automobile in question. All costs will follow the judgment here. Remand to enforce the judgment.

Howell, J., concurs.

Felts, J., not participating.