Meyer Tobias, J.
This is an action in conversion wherein the plaintiff seeks to recover a 1953 Ford panel station wagon or its monetary value from the defendant. Both parties are used car dealers. On March 5, 1955 the plaintiff entered into a transaction with one Grant whereby Grant traded a 1952 Cadillac car for the 1953 Ford station wagon plus $400, for which sum the plaintiff issued its check. The Cadillac car bore license plates issued by the State of North Carolina. The plaintiff’s witness testified since he was unable to check the *1092 ownership of the car that day he told the purchaser Grant the deal was made with the understanding that Grant would deposit the check in his bank in North Carolina.
The Ford car was delivered to Grant. The plaintiff gave to Grant a form MV 53 made available by the New York State Motor Vehicle Bureau but issued by the plaintiff. This form permits the purchaser of a car to drive the car for 10 days without having it registered with the Motor Vehicle Bureau in the name of the new owner. This form, issued by the dealer, is not filed with the Motor Vehicle Bureau nor is any record kept by the said bureau of the issuance of any such permit nor is any fee paid for same. The next day the plaintiff discovered the Cadillac car was stolen.
On March 15,1955 the said Grant appeared at the defendant’s used car lot with the 1953 Ford panel station wagon bearing license plates issued by the State of North Carolina and a license covering said plates. This time Grant traded the Ford station wagon for a Jeep station wagon plus $50 in cash. The defendant had no knowledge of the prior transaction. Subsequently the police ascertained that the defendant had the station wagon and so informed the plaintiff. Plaintiff then demanded defendant give up possession of the Ford car to the plaintiff which defendant refused to do.
Plaintiff contends that Grant had only a conditional title and since the condition was not fulfilled the title was voided. Grant could not deliver good title to any third party, particularly to this defendant, since the title was voided before the transaction with Grant. Plaintiff further contended that the said Grant having an MV 53 and not having registered the ear with the State of New York within 10 days indicates he did not have title to the car. The court gives no credence to such contention. The MV 53 is merely a license to drive an unregistered car for 10 days and is no indicia of ownership. A car may be owned and never licensed by or registered with the State of New York so long as such car is not used on the public highways of the State.
The question in this case to be determined is: Did Grant get good title from the plaintiff or was it voidable? The only condition that plaintiff attached to the sale was that Grant deposit the check in his bank in North Carolina. There was no testimony in what bank the check was deposited or whether the check was ever deposited. The burden of proof was on the plaintiff to prove that Grant failed to fulfill this condition.
The plaintiff relies on section 105 of the Personal Property *1093 Law of the State of New York and on the cases of Fisher v. Bullington (223 La. 368) and Ohio Motors v. Russell Willis, Inc. (193 Tenn. 524).
Section 105 of the Personal Property Law reads as follows: “ Sale by one having a voidable title. Where the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquires a good title to the goods, provided he buys them in good faith, for value, and without notice of the seller’s defect of title.”
Plaintiff contends it voided the sale when it discovered the Cadillac car was stolen. But the voiding of the sale was in its own mind with no one else aware that such sale was voided as to prevent a third party from being harmed or suffer damages.
In McNeil v. Tenth Nat. Bank of City of N. Y. (46 N. Y. 325, 330) the court held: “ But if the owner intrusts to another, not merely the possession of the property, but also written evidence, over his own signature, of title thereto, and of an unconditional power of disposition over it, the case is vastly different. There can be no occasion for the delivery of such documents, unless it is intended that they shall be used, either at the pleasure of the depository, or under contingencies to arise.”
In this case there was nothing in any documents given by the plaintiff to Grant to indicate that the delivery of the Ford station wagon was conditioned upon any subsequent event. The Ford station wagon was not stolen but obtained by fraud or swindle. It has been consistently held that obtaining goods by false pretenses is not a felony at common law. (Keyser v. Harbeck, 3 Duer 373.) A swindler conveys good title to a purchaser in good faith for value. (Phelps v. McQuade, 220 N. Y. 232; Industrial Bank of Commerce v. Packard Yonkers Corp., 101 N. Y. S. 2d 189.)
In Fisher v. Bullington (223 La. 368, supra) and Ohio Motors v. Russell Willis, Inc. (193 Tenn. 524, supra) the facts are almost identical. In each case the buyer gave to plaintiff a check in payment of the purchased car. Each plaintiff gave to the buyer a conditional title with the written indication that title was good only if the check given in payment was paid by the bank on which it was drawn. The checks were returned unpaid. The certificate of title became void. Thus the purchaser never held title to the car and could not give good title. In each case the written title was conditioned on its face. In this case the plaintiff never indicated in writing that the title was a voidable one. By indicating on the face of a *1094 title that it is voidable or conditional, a third party then has an opportunity of ascertaining the facts and avoid being harmed.
The plaintiff’s witness testified that had he known the Cadillac car was stolen he would not have dealt with Grant; thus the haste on the part of the plaintiff to make the deal with Grant initiated the chain of events which led to the transaction between Grant and the defendant. In Island Trading Co. v. Berg Bros. (209 App. Div. 63, affd. 239 N. Y. 229) the Court of Appeals stated (p. 233): “As between two innocent victims of the fraud, the one who made possible the fraud on the other should suffer.” (See, also, Industrial Bank of Commerce v. Packard Yonkers Corp., supra.)
There was no duty on the part of the defendant to inquire into Grant’s title from his conveyor. (Parker v. Conner, 93 N. Y. 118; Mather v. Freelove, 42 Hun 651, opinion in 3 N. Y. St. Rep. 424.) The court finds that Grant had good title which he could and did convey to the defendant.
Judgment for the defendant dismissing the plaintiff’s complaint on the merits.