(76 South. 24)

### WINDHAM v. NEWTON. (6 Div. 532.)

(Supreme Court of Alabama. May 10, 1917.)

1. EVIDENCE &em;343(1)—COPY OF PUBLIC RECORD — APPLICATION FOR AUTOMOBILE LICENSE—STATUTE.

Under Code 1907, § 3983, providing that all transcripts of books or papers required by law to be kept in the office of any public officer when certified by the proper custodian must be received in evidence, in an action for injuries in collision with an automobile, a copy of defendant's application for automobile license, properly certified by the custodian of the original, was admissible, though the original was not verified, and did not conform to the requirements of law authorizing issuance of license; an application for license being a paper required by Acts 1911, p. 634, to be kept in a public office.

2. APPEAL AND ERROR &em;1051(3) — HARMLESS ERROR—EVIDENCE.

In such action any error in admitting a copy of defendant's application for automobile license was harmless, where defendant himself testified and admitted that he was using the automobile on his own account, and had full control, except over its mere mechanical manipulation.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4164, 4167.]

3. MUNICIPAL CORPORATIONS &em;705(12)—AUTOMOBILE ACCIDENT—LIABILITY OF PERSON NOT OWNING CAR.

Where defendant was driving in an automobile in full control thereof, except that he did not control its mere mechanical manipulation, ownership of the machine was not necessary to fix liability upon him for injuries to plaintiff in a collision.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1515.]

4. TRIAL &em;114—ARGUMENT OF COUNSEL.

In an action for injuries to a boy whose bicycle collided with an automobile, where defendant set up that the car was owned by his wife, the remarks of plaintiff's counsel in argument that the certificate of the secretary of state showed the license was paid by defendant, that if they had sued the wife she would have come into court and said the automobile belonged to her husband, or was loaned to him, etc., were not reversible error, since remarks sufficient to reverse must be made as of fact,

and the fact must be unsupported by the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 275–278, 296.]

5. MUNICIPAL CORPORATIONS &em;706(4)—COLLISION WITH AUTOMOBILE — EVIDENCE OF OWNERSHIP—LICENSE.

In such action the fact that defendant applied for a license to operate the automobile was a circumstance to which the jury might look in determining the fact of ownership, whether in defendant or in his wife, and if the wife had claimed personally to own the machine, and it had been sought to charge her with ownership, that she had not applied for license, and that another had applied for and been granted license to operate the car, would have been a circumstance admissible in evidence on the issue.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518.]

6. TRIAL &em;121(5)—TRIAL ON ILLEGAL EVIDENCE—ARGUMENT.

Parties have a right to try their cases on illegal evidence, if they desire, and, if they do so, counsel have the right to argue the evidence to the jury.

7. MUNICIPAL CORPORATIONS &em;706(4)—AUTOMOBILE ACCIDENT—EVIDENCE.

In an action for injuries to a boy when his bicycle collided with an automobile, proof as to how the car in collision was decorated, there being evidence that a certain car had been used in a parade, and that after the parade defendant was using the same car to go home, was admissible as tending to identify the car, and to show the uses to which defendant and others were putting it, though a negro fair was in progress and the car had been used in connection therewith.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518.]

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Suit by Elbert Newton against B. L. Windham. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under section 6, Act April 18, 1911, p. 449. Affirmed.

Smith & Wilkinson, of Birmingham, for appellant. Frank Dominick and W. J. Whitaker, both of Birmingham, for appellee.

MAYFIELD, J. Appellee sued appellant to recover damages for personal injuries the result of a collision between the bicycle of plaintiff and the automobile of defendant, in which respectively they were riding. The automobile was proceeding along Fourteenth street, and the bicycle going west along Fifth avenue, in the city of Birmingham, when the collision occurred at the junction of said thoroughfares.

Plaintiff's evidence tended to show that the automobile at the time of the accident was going at a high and dangerous speed in view of the existing conditions, and that upon reaching Fifth avenue it swerved, as if to go into the avenue, and then suddenly turned back into Fourteenth street, causing the machine to skid and collide with plaintiff's bicycle.

The defendant's evidence tended to show that the automobile was traveling at a slow

and moderate speed, and was being handled carefully, that plaintiff had a skirt or cloth over his head, which prevented him from seeing defendant's automobile, and that he ran his bicycle into the right hind wheel of the automobile.

The trial resulted in a verdict and judgment for plaintiff. Defendant appeals from that judgment, assigning numerous errors. Only a few of these are argued, possibly because the others are clearly without merit.

One of the main contests on the trial was whether or not the defendant owned the automobile, he contending that it was the property of his wife, and the plaintiff that it was defendant's property. On this issue the court allowed in proof a certified copy of an application, purporting to have been made by defendant, for a state license to operate the automobile in question. The defendant insists that such action was error to reverse, maintaining that the certified copy was not admissible, because the statute requires such an application to be verified by affidavit, and this copy did not show that the original was so verified.

Section 3983 of the Code provides:

"All transcripts of books or papers, or parts thereof, required by law to be kept in the office of any public officer, when certified by the proper custodian thereof, must be received in evidence in all courts; and it is no objection to such transcript that the book from which it is taken is a copy of office books belonging to the United States."

[1] The application for a license is certainly a paper required by law to be kept in a public office (Acts 1911, p. 634). The copy of the application in question was properly certified by the custodian of the original, and such certified copy was admissible in evidence. The fact that the original was not verified or did not conform to the requirements of the law authorizing the issue of the license did not go to the admissibility of the certified copy in evidence, though it might go to the weight or the sufficiency of the proof of the facts it tended to establish. The fact that the original may have been a forgery does not render the certified copy inadmissible. This is true as to all certified copies of all original instruments; that is, it is possible that the given original was a forgery. The law does not attempt to make the copy conclusive, any more than it does the original.

[2] Moreover, if this was error, it was error without possible injury, except as it may have tended to contradict or impeach the defendant as a witness. The defendant himself testified, and admitted, that on the occasion in question he was using the automobile for and on his own account, and that all control of the machine, except the mere mechanical manipulation of it, was for the time and occasion in him.

[3] Under the undisputed facts ownership of the machine was not at all necessary to fix liability. Under the defendant's own testimony the doctrine of respondeat superior might be applied to him, as for the acts of the driver of the automobile; and, if so, it was immaterial to liability who owned the machine.

The defendant excepted to several parts of the concluding argument of plaintiff's counsel, and insists that the action of the court in declining to exclude them was error to reverse this judgment. Among the remarks objected to were these:

"The certificate of the secretary of state shows that the license was paid by the defendant."

"Why, if we had sued this woman [referring to defendant's wife], she would have come into the court under the laws of the state of Alabama and said the automobile belonged to her husband, or was loaned to him at the time."

"Now, gentlemen of the jury, when the plaintiff asked for those names and addresses, the defendant said it was not relevant, and declined to answer."

"Why, these men considered it a trifling thing for the boy to have his leg crushed and the bones to come out."

[4] We are unable to perceive any reversible error in declining to exclude any of this argument. We are of the opinion that the evidence, the issues, or the testimony of defendant justified this argument as to each matter. Some of the statements, of course, were mere expressions of opinion of counsel as to what might happen in the future, but we see no error in the declination to exclude them. The argument may not have been very persuasive to fix liability for what had already happened, but this did not render reversible error the declination to exclude it.

[5] The fact, if it was a fact, that defendant applied for a license to operate this automobile, was a circumstance to which the jury might look in determining the fact of ownership; and if the wife had claimed personally to own the machine, or it had been sought to charge her with ownership, then the fact that she had not applied for a license such as owners are required to take out, and that another had applied for, and been granted, a license to operate this automobile, would be a circumstance admissible in evidence on such issue.

[6] Parties have a right to try their causes on illegal evidence if they so desire, and if they try it on such evidence, counsel have a right to argue it to the jury. B. R. Co. v. Wildman, 119 Ala. 547, 24 South. 548.

Remarks of counsel which will be sufficient to reverse a case must be made as of fact, and the fact must be unsupported by the evidence. Courts should not shackle discussion, nor should they allow counsel to become unsworn witnesses. Hobbs v. State, 74 Ala. 39.

We are not prepared to say that there was any reversible error in the rulings declining to exclude argument of counsel.

We are not willing to say that there is in this record no evidence that would authorize a jury to find that the injury was wantonly inflicted; that was certainly a question for the jury; hence the requested charges seek-

ing to take that issue from the jury were properly refused.

[7] There was no error in allowing proof as to how the car in question was decorated. There was evidence that a certain car had been used that day in a parade, and that after the parade the defendant was using the same car in being carried to his home. The evidence was admissible, as tending to identify the car and to show the uses to which defendant and others were putting the same. The fact that there was then in progress a negro fair, and that the car had been used in connection therewith, did not render such evidence inadmissible, nor prevent the use of argument to connect the defendant with the use and control of the car on the occasion in question.

We deem it unnecessary to separately treat the other assignments of error. They have been carefully examined seriatim; and we find no error as to any one which would compel, or even justify, the reversal of this judgment.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.