No. 30,042.

THE STATE OF KANSAS, *Appellee*, v. LOUIS SARVER and RALPH BIEBER, *Appellants*.

(4 P. 2d 440.)

Opinion filed
November 7, 1931.

*Lee Jackson,* of Minneapolis, and *H. McCaslin,* of Osborne, for the appellants.

*Roland Boynton,* attorney-general, *R. O. Mason,* assistant attorney-general, and *L. A. McNalley,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Louis Sarver and Ralph Bieber were charged with and convicted of operating an automobile on the public highway while under the influence of intoxicating liquor. They appeal from the conviction.

The information contained three counts, one for possession of intoxicating liquor, one for transportation of the same, and another for driving an automobile while intoxicated. The jury made no return on the charges except for driving an automobile while under the influence of intoxicating liquor. The defendants, it appears, were driving their car on a trip from Osborne to Salina, and collided with another automobile near Minneapolis in Ottawa county. The evidence is abundant showing that the defendants were both intoxicated. There was evidence that the parties had intoxicating liquor in the car and out of it. When the officers appeared, shortly after the accident, one of the defendants was seen to throw something to the side of the road, which was found to have been a bottle that was broken but which still contained some whisky. There was testimony that Sarver did not have good control of the muscles of his face, his jaw sagged down at the corners of his mouth, his eyes

were blurry and he did not have control of his feet. It was testified that he talked thick at times, got his sentences backward. A witness said to him, "You have been drinking, haven't you?" and he said, "I never dropped a drink in my life." Bieber staggered and could scarcely talk, his breath smelled strongly of corn whisky and his eyes were bloodshot. Neither of the defendants was in a condition to safely drive a car on the highway. It was not shown which one of the defendants was driving at the time of the collision which wrecked both cars, and it is contended there is nothing in the evidence to show whether the one not driving was aiding or abetting or assisting in any manner the one who was driving. Some witnesses spoke of the automobile as the Sarver car, but the ownership of it was not shown. Immediately after the collision when officers arrived one of the defendants was standing near the wrecked car and the other appeared to be groping around for something in the car. When officers tried to interview them they found a disinclination or disability of defendants to talk, but Sarver, one of the defendants, did say he thought they had hit the bridge.

Two questions are raised, one is whether one who was supposed to be in a car operated by an intoxicated person is accessory to that operation; and second, whether, where two persons are in a car which is supposed to be operated by one of them, and that one is intoxicated, but the state is unable and fails to prove which one of the parties was at the time operating the car, a conviction should stand as to either of the occupants. While there is no direct evidence as to which of the two defendants was driving the car when the collision occurred, it was shown that the parties had started together to make a trip from Osborne to Salina, and had provided themselves with intoxicating liquor which they possessed and drank together, in violation of law. They acted jointly in the travel adventure and in the unlawful possession and use of intoxicating liquor on the trip. They were acting with a common purpose in the violation of law. To prove this it is not necessary to show an express agreement or understanding between the parties, nor to show it by positive evidence. It may be inferred from circumstances and the conduct of the defendants after the criminal act. (16 C. J. 128.) Notwithstanding the proof of common purpose in the violation of law, neither of the defendants testified in the case, nor did either try to shoulder the responsibility or blame for the offense on the other. If either was violating law to the exclusion of the other, or the one was a driver and the other a guest or

passenger, it could have been easily shown by them. In *French, Farmer and Casteel v. Commonwealth,* 198 Ky. 512, where three persons were convicted upon a liquor charge, and it was argued that only the driver of the car was responsible, in deciding the case the court said:

"While the evidence was not direct and absolutely certain, but rather circumstantial, it was sufficient to carry the case to the jury and support the verdict. As Farmer was the sole owner and driver of the car in which they were riding it is insisted by appellants that he alone could be guilty of possessing the liquor if it were possessed by either. We cannot, however, give our assent to this narrow construction in view of the state of the record. If, as the jury may have believed, appellants jointly owned and possessed the liquor and took it with them in the car for the purpose of drinking or otherwise using for their joint benefit, they were all guilty of the offense of possessing intoxicating liquor. In the absence of a definite showing that one or the other of the appellants had possession and control over the liquor to the exclusion of the others—this was a matter of defense—and thus individually possessing it, the jury was justified under the evidence in finding all of the defendants guilty." (p. 513.)

There was sufficient evidence, we think, of preconcert in the undertaking. They had obtained the liquor for the trip from Osborne to Salina, and while traveling a distance of about ninety miles they imbibed together and had drunk together to a state of drunkenness before the joint adventure ended. So far as aiding and abetting in an offense is concerned, it may be shown by circumstantial evidence, and the evidence in the present case tends to show coöperation. In *Haney v. State,* 20 Ala. App. 236, it was said:

"Where two or more persons enter upon common undertaking which contemplates commission of crime, each of such persons is equally guilty of offense committed, even though he did not commit an overt act." (Syl. ¶ 2.)

We find no fault in an instruction of which complaint is made.

There was an error in stating the punishment imposed on defendants. The attention of the court was called to the mistake after the appeal was taken, and in the absence of the defendant the court undertook to correct it. Both parties join in asking for the remand of the case for a proper sentence.

The judgment must be an affirmance of the conviction and a remand of the case to correct the record of the sentence imposed on defendants. It is so ordered.