184 So. 273

**JOHN E. BALLENGER CONST. CO. et al.**
**v. JOE F. WALTERS CONST. CO.**

4 Div. 992.

Supreme Court of Alabama.

Jan. 27, 1938.

Geo. T. Garrett and Ball & Ball, all of Montgomery, for petitioners.

Walters & Walters, of Troy, for respondent.

FOSTER, Justice.

■ The Court of Appeals very properly refused to consider matter not shown by the record when they interpreted the bill· of exceptions. Pearce v. Clements, 73 Ala. 256.

■ The point on which that court based its opinion depended upon a construction of that instrument. When so, on certiorari to this court, we will examine the record for a complete understanding of the status under consideration. Cranford v. National Surety Corp., 231 Ala. 636, 166 So. 721.

The suit was for certain alleged items of labor, material, feedstuff, and supplies sold to a road contractor, and counted on the surety bond, with the surety as a defendant.

The recovery was on counts 1 and 2, but not on count 3. Count 1 claimed an amount for the use or rental of a certain Lorain shovel. Count 2 was for a certain amount of cable. Count 3 claimed both items and had attached to it an alleged copy of the bond.

Among the grounds of demurrer, there was one that the use or rental of the shovel was not such material or supplies as was included in the bond and statute under which it was made. That was apparently a contention made on the appeal before the Court of Appeals.

■ The bill of exceptions which recites that it contains all the evidence introduced in the case also recites that plaintiff "introduced a certified copy of the bond entered into the 26th day of May, 1934, for the John E. Ballenger Construction Company marked plaintiff's Exhibit 'C' which was in words and figures as follows." It then sets out what purports to be such certified copy as to which there is also an agreement shown by the bill of exceptions that the copy so certified shall be deemed for all purposes as the original bond.

There is no averment in any of the counts that there was attached to the bond a copy of the construction contract, or proposal and specifications. But the copy of the bond attached to count 3 contains in its body recitals to that effect, as does also the copy set out in the bill of exceptions. But no such documents were attached as they thus appear at either place in the record.

Counsel differ as to whether they were in fact attached when offered in evidence. It is also said in brief that when the bill was signed there was at that point an instruction to the clerk to insert this document and that the clerk inserted what then appeared as the document without the at-

tachments. All such suggestions are irrelevant to any issue considered by .the Court of Appeals or in this court on this petition. If the clerk did not set it out truly for any reason, there was ample remedy to correct the error. Anniston Mfg. Co. v. Southern Ry. Co., 145 Ala. 351, 40 So. 965.

But, as we have said, the only province of the court on this appeal in that respect at this time is to interpret the recitals of the record.

By signing the bill of exceptions and declaring that it contains all the evidence, the judge certifies in effect that the bond as copied in the transcript is the document and' all of it that plaintiff introduced. The bill of exceptions contains ·no recital that the contract and specifications were included as a part of it when introduced. On the contrary, it recites that as introduced it is set out in words and figures.

This could not be so, if there were other documents attached as a part of the bond. If so, it would contradict the recital that the bond "was in words and figures as follows," then setting it out without those documents. The recital in the bond that they are attached is not conclusive to contradict the bill of exceptions virtually saying that they are not attached. Of course, the bond, without its attachments, could have been introduced in evidence. The bill of exceptions recites in effect that such was the situation. That status cannot be controverted as the matter now appears.

In the case of Patton v. Endowment Dept. of A. F. & A. M., 232 Ala. 236, 167 So. 323, the bill of exceptions recited the fact that certain documents were introduced in evidence, and they were not set out in it.

That would be here controlling if there were such a recital in the bill of exceptions. But it is not so. Its effect is to the contrary as we understand 'it.

It follows that we cannot agree with the conclusion of the Court of Appeals, as they interpret the bill of exceptions, but think the appeal should be considered on its merits.

Writ awarded; judgment reversed and cause remanded to the Court of Appeals.

All the Justices concur.