16 So.2d 697

### REEVES v. STATE.

### 4 Div. 802.

Court of Appeals of Alabama.

June 22, 1943.

Rehearing Denied June 30, 1943.

O. S. Lewis, of Dothan, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

Petitioner, Tank Reeves, brings this appeal from an order of the Honorable D. C. Halstead as Judge of the 20th Judicial Circuit of Alabama denying his petition for the writ of habeas corpus and remanding him to the custody of the Sheriff of Houston County.

The facts are: Petitioner was regularly put on trial in the Circuit Court of Houston County under an indictment (omitting formal parts) in words and figures as follows, to-wit: "The Grand Jury of said County charge that, before the finding of this indictment Tank 'Reeves, whose name is to the Grand Jury otherwise unknown, did, in the nighttime, with intent to steal break into and enter an inhabited dwelling of C. M. Guillot, which was occupied by C. M. Guillot, a person lodged therein against the peace and dignity of the State of Alabama."

During said trial the action indicated by the following order made by the trial judge was taken, to-wit: "February 19, 1943—on this day came the Solicitor, who prosecutes for the State and also came the defendant, in his own proper person and with his attorney, and this being the day and date set for the trial of this cause, the parties proceeded to select a jury for the trial of this case, which said jury was duly sworn and impaneled to try this case, and, to the indictment as read to the jury, the defendant pleads not guilty, and, during the trial of the case, the Solicitor moves the court in open court, the defendant and his counsel being present, that the State be allowed to amend the indictment in this case so as to allege that Ruth Guillot was the person occupying and lodged in the dwelling house alleged in said indictment to have been burglarized by the defendant, and the defendant, by and through his attorney, having refused in open court before the court refused to consent to said amendment, and, it appearing to the satisfaction of the court from the evidence in this case that there is variance between the allegations of the indictment in this case and the proof offered or given in support thereof in that the indictment alleges that G. M. Guillot was the person who was occupying the dwelling house involved in this indictment and the person lodged in said dwelling at the time of the alleged burglary and the proof shows that Ruth Guillot was the person so occupying said dwelling and lodged therein at the time of said alleged burglary; and the defendant, having refused to consent to said amendment to said indictment, and the jury impaneled to try this case against the defendant, not having retired to reach a verdict in this case, on motion of the Solicitor, it is

ordered by the court that this case is here nol prossed and the Sheriff is hereby ordered to take defendant into his custody and retain him to answer another indictment in this case and the Court orders another indictment to be preferred against the defendant, and the jury impaneled to try this· case is discharged without a verdict, the ends of justice demanding such discharge."

Said Sheriff accordingly took petitioner into custody, where he now remains.

Thereafter this petition for habeas corpus was filed, seeking petitioner's release on the asserted ground that said order of the circuit judge "was improvidently made, and that he is deprived of his liberty without due process of law." Its denial, as noted, resulted in this appeal.

It will be noted that the indictment under which petitioner was put on trial was for "Burglary in the First Degree" (Code 1940, Tit. 14, § 85), and that it followed substantially and essentially the form prescribed by the Code for such offense (Code 1940, Tit. 15, § 259, form 29).

■ Without stopping to inquire whether or not said indictment, under our holding—approved by the Supreme Court—in the case of Avinger v. State, 29 Ala.App. 161, 195 So. 279, certiorari denied 239 Ala. 291, 195 So. 281, contained averments not essential to its validity, it is enough to say that said averments, at most, were clearly "descriptive of the house" (alleged to have been burglarized), and "though unnecessary to be alleged, yet, being alleged, it became necessary for the state to prove it (them). There could be no conviction without such proof." Gilmore v. State, 99 Ala. 154, 13 So. 536, 537.

Since the action taken by the trial court during the trial of petitioner on the indictment quoted hereinabove must have been based on the provisions of Code 1940, Tit. 15, §§ 253 and 254; and since, if it was not so based—as shown by his order which we have also quoted—it would, and did, result in petitioner's acquittal of the offense charged in the indictment (Oliver v. State, 234 Ala. 460, 175 So. 305), we believe it our duty to examine the testimony leading to same, sent up here as a part of the record on this appeal. In this peculiar situation we would not think the language of our Supreme Court in Ex parte Tanner, 219 Ala. 7, 121 So. 423, viz.: "The circuit court is one of general jurisdiction in respect to the offense inquired about. Recitals in its judgment record of jurisdictional facts import absolute verity unless contradicted by other portions thereof", applied.

Of course if said language should apply, there is an end of this proceeding. Because *the judgment entered by the learned trial court dismissing the prosecution of appellant (petitioner) and ordering him held for re-indictment recites the jurisdictional facts*—but under the Statute (Code 1940, Tit. 15, § 254).

■ All the above to one side, however, we have examined the testimony. And it fully supports, under the authorities we have quoted hereinabove, *the judgment entered*—under the Statute, supra.

It results the petition for habeas corpus *was properly denied; and the judgment is affirmed.*

Affirmed.