53 So.2d 631

**HUBBARD v. STATE.**

8 Div. 945.

Court of Appeals of Alabama.

June 12, 1951.

to the wrecker and the latter was partly off the pavement and on the highway shoulder.

The driver of the wrecker testified that there were no other cars or trucks in the near vicinity at the time the appellant approached.

There is a dispute also in the evidence with reference to the lighting display on the two standing vehicles.

Two highway patrolmen came to the scene within a very short time after the injury. One of them testified at the trial in the court below in part as follows: "Q. You say the defendant was drinking and you smelled alcohol. Would you or not say he was intoxicated? A. He was drinking; I couldn't say to what extent * * *. I wouldn't say he was a drunk man."

The defendant stated at the trial that he had a bottle of beer about six hours prior to the time of concern and this was the extent of his consumption of intoxicants on the day of the collision.

This, we think, is a sufficient delineation of the tendencies of the evidence to illustrate our view that the defendant was not due the general affirmative charge. Carroll v. State, Ala.App., 52 So.2d 171;[1] Garner v. State, 34 Ala.App. 551, 41 So. 2d 634; Rainey v. State, 245 Ala. 458, 17 So.2d 687; Broxton v. State, 27 Ala.App. 298, 171 So. 390.

Our review, of course, is based on the doctrine which requires us to take the evidence favorable to the prosecution as true and accord to the State all legitimate inferences therefrom. Jones v. State, 33 Ala.App. 451, 34 So.2d 483; Gills v. State, 35 Ala.App. 119, 45 So.2d 44; Carroll v. State, supra.

We are compelled to the conclusion, also, that we should not disturb the action of the trial judge in denying the motion for a new trial.

Appellant interposed objections to the questions propounded to the highway patrolman with reference to the intoxicated condition of the defendant at the time

W. L. Chenault and J. W. Sherrill, Jr., Decatur, for appellant.

Si Garrett, Atty. Gen., for the State.

CARR, Presiding Judge.

On an indictment charging manslaughter in the first degree the accused was convicted of the offense of manslaughter in the second degree.

It appears that at about nine o'clock at night a wrecker pulled the decedent's automobile out of a ditch up onto the traveled portion of the highway. While the driver of the wrecker and the deceased were standing beside the wrecker the latter was struck and fatally injured by a passing automobile which was being driven by the appellant.

The defendant contended at the trial that the two parked vehicles occupied practically all of the paved portion of his lane of travel, and headlights from approaching cars blinded him.

The evidence for the State tended to establish that decedent's car was "hooked"

of the collision. The court properly allowed these questions to be answered. Pierson v. State, 31 Ala.App. 452, 18 So. 2d 578; Gills v. State, supra.

It may be noted that only general grounds were made the basis of the objections.

The only other questions presented for our review relate to the action of the court in refusing to the defendant certain written instructions.

 Charge number 1 is the general affirmative charge as to manslaughter in the first degree. This is made inapplicable by the verdict of the jury. Brake v. State, 8 Ala.App. 98, 63 So. 11; Shikles v. State, 31 Ala.App. 423, 18 So.2d 412.

In the cases of Burton v. State, 107 Ala. 108, 18 So. 284, and Brown v. State, 118 Ala. 111, 23 So. 81, the Supreme Court approved charge number 2. However, in Shelton v. State, 144 Ala. 106, 42 So. 30, the court expressly overruled the Brown case with reference to the instruction in question. In Amos v. State, 123 Ala. 50, 26 So. 524, the charge was disapproved, and the court overruled the holding in the Burton case.

In many cases which have followed this court and the Supreme Court have condemned the charge. We will cite some from the Supreme Court. McClain v. State, 182 Ala. 67, 62 So. 241; Sanders v. State, 134 Ala. 74, 32 So. 654; Griffin v. State, 150 Ala. 49, 43 So. 197; Leonard v. State, 150 Ala. 89, 43 So. 214; Rigsby v. State, 152 Ala. 9, 44 So. 608; Owens v. State, 215 Ala. 42, 109 So. 109; Davis v. State, 209 Ala. 409, 96 So. 187; Pope v. State, 174 Ala. 63, 57 So. 245; Whitmore v. State, 168 Ala. 45, 52 So. 909.

Charges 3, 5, 8, and 12 place too much emphasis on only parts of the tendencies of the evidence. Johnson v. State, 1 Ala.App. 102, 55 So. 321; Ray v. State, 248 Ala. 425, 27 So.2d 872.

If for no other reason, charge 4 is bad because it does not confine the act of appellant's freedom from negligence to the time of the collision.

Refused instructions numbered 6, 9, 11, and 13 attempt to base non-culpability of the appellant upon the contributory negligence of the deceased or the driver of the wrecker. This doctrine could not be set up as a defense in the case at bar.

Charge 7 is argumentative. Besides, it was amply covered by the oral charge of the trial judge.

The use of the expression "beyond a shadow of a doubt" in charge 10 made it bad.

Charge 16 is argumentative. We are at a loss to know why the appellant tendered this charge.

Refused instruction No. 17 does not state the law correctly. Barron v. State, 29 Ala.App. 137, 193 So. 190.

The case was tried by the able judge with great care and due caution. We find no reversible error in the record. The judgment below is ordered affirmed.

Affirmed.