74 So.2d 593

**Hester M. DOWNES, Adm'x,**

v.

**Lloyd M. NORRELL et al.**

8 Div. 698.

Supreme Court of Alabama.

Aug. 30, 1954.

Marion F. Lusk, Guntersville, for appellant.

432

Scruggs & Scruggs, Guntersville, for appellees Norrell.

B. M. Bains, J. E. Bains, Jack Martin Bains, R. G. Kelton, Oneonta, Joe M. Starnes, Guntersville, for appellee Bains.

## PER CURIAM.

This is an appeal by plaintiff from a "certain judgment in the above styled cause in favor of the defendants Lloyd M. Norrell, Harvey Norrell, Alton Norrell and Brice M. Bains, Jr., and against plaintiff on September 9, 1952, * * *: this appeal being only as to said defendants and no others". The verdict of the jury found for "plaintiff against Alvin Norrell (without assessing his damages) * * * and for the defendants Brice M. Bains, Jr., Harvey Norrell, Alton Norrell and Lloyd M. Norrell". A judgment was rendered for plaintiff against Alvin Norrell for $2,500, discharging defendants Lloyd M. Norrell, Harvey Norrell and Alton Norrell.

■ Appeal was taken by Alvin Norrell on December 13, 1952, and this appeal was taken by plaintiff on December 30, 1952 in the form mentioned above. Properly it did not take the course of a cross appeal prescribed by Supreme Court Rule 3, as amended May 31, 1941, Code 1940, Tit. 7

Appendix (see 240 Alabama page xvi), as each appeal was from a different portion of the judgment. There were two separate transcripts made. The transcript on the appeal by plaintiff was filed in this Court April 23, 1953. The appeal taken by Alvin Norrell was dismissed by this Court January 14, 1954, see 260 Ala. 181, 69 So.2d 873, because the judgment against him for $2,500 was not supported by a verdict fixing the amount of his damages. The verdict as to Alvin Norrell was simply for the plaintiff and against Alvin Norrell with no damages assessed.

In that status this Court held there was no valid judgment against Alvin Norrell but there was one discharging the other defendants. An appeal of this kind is not favored by this Court. It is said in Long v. Holden, 216 Ala. 81, 112 So. 444, 445, 52 A.L.R. 536, that an "action cannot be severed into two or more proceedings, to be separately pursued; and, where the issue of the appeal may so result, all codefendants should properly be made parties to the appeal." But the principle was said not to apply when the effort on the appeal is not to bind the defendant who is not made a party to the appeal, but to bind another sued with him. That is the status here, though at present that party, not a party to this appeal, stands without a judgment against him, and that status should remain until this appeal is disposed of so that the one suit may have a trial as to all defendants in it at the same time. This is the necessary status resulting from our statute allowing a verdict and judgment in favor of some of the defendants and against others. Section 139, Title 7, Code.

■ And when, as here, a defendant is alleged to have been the agent of another defendant in doing the act in the line and scope of his employment, a judgment may be rendered against the alleged agent and in favor of the alleged principal on the theory that there was a failure to prove the agency. Lee v. Diamond, 234 Ala. 175, 174 So. 309. But it may be added that it would be inconsistent, and not permissible, to return a verdict favorable to the agent but against the principal where the only claim of liability

of the principal was the breach of duty by said alleged agent.

But here, judgment being against the agent and favorable to the principal, that rule is not violated. The only inquiry then is whether the defendant, alleged in the complaint to be the agent of other defendants, was in fact such agent acting in the line and scope of his authority. In this case, where they are sued jointly, and there is at present no judgment against the agent but the action against him is pending and undetermined, the only question on this appeal, in which the other Norrells are appellees, is whether there was error in the trial, which should reverse the judgment holding in effect that the alleged agent was not so in fact.

On consideration of that question, it is not necessary that the agent be a party in this Court. He is not interested in that question. So that, it is our duty to examine the assignments of error only insofar as they relate to the question of whether Alvin Norrell was acting for the defendants Lloyd M. Norrell, Harvey Norrell and Alton Norrell, or any one of them, and also those assignments separately which relate to the liability of Brice M. Bains, Jr., who is not alleged to have been responsible for Alvin Norrell's conduct. But the question as to him is predicated upon error in respect to his own conduct. His liability is dependent upon his personal conduct which proximately contributed to the injury and death of plaintiff's intestate, though it may have been one of two such causes. This suit is permissible against the two acting independently of each other, and one may be liable and the other discharged. Hall v. Seaboard Air Line R. Co., 211 Ala. 602, 100 So. 890. So that we really have two alleged causes of the injury each furnishing a separate cause of action, but since they jointly concur in producing the result, a suit uniting both causes of action is now permissible, overruling the former holding. Richmond and Danville R. Co. v. Greenwood, 99 Ala. 501, 14 So. 495. Under our statute, section 139, Title 7, Code, a judgment may be rendered against one of those two producing agencies and exonerat-

ing the other. But pending an appeal in respect to one, the entire suit remains in abeyance. It cannot be split up into separate suits and trials.

We refer now to the assignments of error, first, as to whether Alvin Norrell was on that occasion acting as the agent of the three Norrell appellees, named above, and in the line and scope of his authority. The assignments of error with respect to the issue on this appeal as to the three Norrell appellees are 14, 15 and 16. Assignments of error 1 and 2 go to the legal right to join the two alleged causes of the injury as discussed supra. There was no error in respect to them as there pointed out.

Assignments 14, 15 and 16 relate to grounds of the motion made by appellant for a new trial, and are predicated upon what is alleged to be the undisputed evidence that defendant Alvin Norrell was the agent of one or all of the other Norrell defendants and acting in the line and scope of his authority as such.

That is the only question presented on this appeal as to the alleged cause of action against Lloyd Norrell, Harvey Norrell or Alton Norrell. Alvin Norrell was driving the car north on O'Brig Avenue, while Bains was driving a truck west on Loveless Street, extending east and west across O'Brig Avenue. The collision occurred at that intersection. With respect to whether the verdict discharging the three Norrells was contrary to the undisputed evidence with reference to the status of Alvin Norrell, the testimony on that subject was that of the four Norrell defendants given by them in a former trial of another suit between the same parties involving the same accident. They did not become witnesses in the instant case. Defendants did not introduce any witnesses. Their testimony as introduced by plaintiff given in the former suit was offered and received as an admission by each particular defendant separately and was operative against him only. The salient features of it are:

" 'Q. I will ask you if the defendant (Harvey Norrell) on that date, September 10, 1951, if he testified in sub-

stance that on that morning he had made arrangements to go to the hospital and he spoke to his brother, Lloyd Norrell, to bring him in his 1941 Plymouth blue gray colored car?' A. That is the substance of what he testified to the best of my knowledge.

"Q. Did he further testify that his brother Alvin Norrell actually drove the car for him? ¡A. Yes, sir. * * *."

As to Lloyd Norrell:

" 'Q. How come your car to be used on that occasion? A. Bringing my brother to the doctor.

" 'Q. Who, if anyone, asked you about the use of your automobile for that purpose? * * * A. Harvey.

" 'Q. Well, you turned your car over to Alvin, didn't you? Didn't you? A. Yes. He drove it when he got ready to drive it.

" 'Q. You turned it over to him and he had made other trips when you loaned your car to Harvey? Yes, sir.

" 'Q. You knew he was driving it and did drive it on that errand your brother asked you about? A. Yes.

" 'Q. You wanted Harvey to have the use of that car? A. Yes, sir'."

As to Alvin Norrell:

" 'Q. What was the occasion of you (Alvin) to be driving the car? A. Bringing my brother to the hospital and my brother's wife to the dentist. * * *' "

As to Alton Norrell:

" 'Q. Were you (Alton Norrell) in that car that day? A. Yes, sir.

" 'Q. Who was driving the car? A. Alvie, my brother.

" 'Q. Where were you going? A. I was going with Harvey and my wife to see about her teeth.' "

In respect to the question stated above, the court in his oral charge and given charge F for plaintiff, in clear and accurate terms, left to the jury a decision of the question of whether Alvin Norrell was acting in the line and scope of his authority as the agent or servant of one or more of the other three named Norrell defendants, as alleged in the complaint.

■■ The evidence stated may not show the technical relation of master and servant or principal and agent, but even when such relation is not shown, there is sometimes imputed to one the negligence of the driver of an automobile so as to hold the former liable for the damage to a third person caused by such negligence. That principle has the following qualities, as stated in Woodson v. Hare, 244 Ala. 301, 13 So.2d 172: the person charged must be (1) an occupant of the car; (2) must be the owner or a bailee of it; (3) *must have the right to control its operation by the driver*; and (4) the car must at the time be operated for his benefit, or the mutual benefit of them both. *Right to control the operation of the car by the one sought to be charged is essential.* 5 Blashfield Automobile Law, section 2930, pp. 153, et seq.; 5-A Blashfield Automobile Law, section 3133, page 92; Windham v. Newton, 200 Ala. 258, 76 So. 24; 65 C.J.S., Negligence, § 157, p. 797, as when they are engaged in a joint enterprise. That means that there is a community of interest in the object or purpose of the undertaking and an equal right to direct and govern the movements and conduct of each other, whether or not use is being made of that right. Crescent Motor Co. v. Stone, 211 Ala. 516, 101 So. 49; Whiddon v. Malone, 220 Ala. 220, 124 So. 516. To be so, " 'there must be such a community of interest as to make each the agent of the other and the trip itself must be an integral part of the venture.' " MacGregor v. Bradshaw, 193 Va. 787, 71 S.E.2d 361, 366; 5-A Blashfield on Automobile Law, section 3135, pages 93, et seq.; 65 C.J.S., Negligence, §§ 158, 168, note 60, pp. 798–799, 813, 814. Cf. Armstrong v. Sellers, 182 Ala. 582, 62 So. 28; Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L.R.A.,N.S., 87.

■ Permissive use alone does not furnish any basis for liability against the owner (or we may add a bailee). Thompson v.

Curry, 36 Ala.App. 334, 56 So.2d 359, certiorari denied 256 Ala. 564, 56 So.2d 362, 363; Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897.

Usually the controlling circumstance as to whether the relation of master and servant exists when it refers to the operation of a motor car, is in the fact that the supposed master has the right to control the details of the manner in which the servant is operating the car. 61 C.J.S., Motor Vehicles, § 768, p. 917, note 97; 60 C.J.S., Motor Vehicles, § 436, note 79, p. 1085. One cannot be held liable for the negligence of another in performing a friendly act for him, in the absence of any legal relation in which he has the right to control the driver. 60 C.J.S., Motor Vehicles, § 449, p. 1147, note 29; 5 Am.Jur. 725; .42 A.L.R. 1446.

As to Lloyd Norrell the evidence was that he was not in the car at the time; that it was not operated for his benefit; that he had no control over its operation; and, therefore, the verdict in his favor was not contrary to the evidence. 5 Blashfield on Automobile Law, page 104, section 2915.

As to Harvey, although he may not have engaged Alvin as his agent or servant to operate the car for him, the negligence of Alvin in doing so would be imputed to Harvey, if the jury should find that he had engaged from Lloyd the use of the car; that he was riding in it; and that it was being driven by Alvin for his benefit; and that he had by the arrangement the right to control the details of its operation. But the jury found in favor of Harvey, and their verdict should not be set aside.

As to Alton Norrell, it appears that he was simply riding in the car as a guest to carry his wife to a dentist. Nothing indicated that he was responsible for Alvin's wrongful conduct in operating the car. He was merely a guest.

The foregoing principle of imputed negligence is not the same as that of master and servant or principal and agent, and may exist when that relation does not. The complaint alleges that the relation of master and servant or principal and agent existed. We will not now say whether proof of imputed negligence satisfies that allegation, since it is not necessary to do so.

But plaintiff's appeal also involves the question of whether there was error in respect to Brice M. Bains, Jr. The evidence was that he was driving a truck west on Loveless Street as it intersects O'Brig Avenue, to which we have referred. The assignments of error as to Bains all go to the question of whether he was entitled to the affirmative charge given by the court as to count 2, which was a wanton count. The substance of the evidence on that question is that he was driving uphill, just creeping along, and came to a stop at the intersection before he entered O'Brig Avenue; he then started and entered the intersection and got three or four feet into it when a car (that driven by Alvin Norrell) approaching from the south on O'Brig Avenue, came over the hill at a very rapid rate of speed and hit the truck, which stopped just about the time the car hit it. The car swerved to the left, "sideswiping" the front of the truck with the right side of the car. The car turned over on its top, skidded on its top fifteen or twenty feet before it hit Downes' (deceased) car, and after it hit that car skidded fifteen or twenty feet further, being still on its top.

It is our opinion that this in connection with other features of the evidence justified the court in giving the affirmative charge for defendant Bains on count 2, the wanton count. There is no other assignment of error as to him which needs discussion. The result is that there is no reversible error assigned against Bains, Lloyd Norrell, Harvey Norrell or Alton Norrell, and they are out of court as defendants in the case, leaving Alvin Norrell where he was. situated as the result of his former appeal.

The judgment discharging Bains, Lloyd Norrell, Harvey Norrell and Alton Norrell should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of

..

436

the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and CLAYTON, JJ., concur.