113 So.2d 178

**Francis Louis BERNESS**

v.

**STATE.**

**8 Div. 901.**

Court of Appeals of Alabama.

Jan. 28, 1958.

Rehearing Denied March 18, 1958.

Baker & Burts, T. Eugene Burts (Jr.,) Florence, for appellant.

· John Patterson, Atty. Gen., Edmon L. Rinehart and Geo. Young, Asst. Attys. Gen., for the State.

PRICE, Judge.

Appellant was indicted jointly with one Wright for the offense of murder in the second degree. On motion of defendant a severance was granted and defendant was tried first. The trial resulted in a conviction for the offense charged and a sentence to the penitentiary for a term

of fifteen years. The case was appealed to this court where it was reversed and remanded. Berness v. State, 38 Ala.App. 1, 83 So.2d 607. Judgment was affirmed by the Supreme Court. Berness v. State, 263 Ala. 641, 83 So.2d 613.

When the case came up for trial the second time on April 2, 1956, appellant filed a motion for permission to withdraw his plea of not guilty, for the purpose of filing a motion to quash the indictment and a plea in abatement.

The motion to quash the indictment and the plea in abatement, offered in support of the motion to withdraw the plea of not guilty, question the validity of the indictment on the grounds that on July 21, 1952 a nolle prosequi was entered as to defendant Wright under the provisions of Title 15, Section 254, Code 1940, without the consent of either defendant or Wright, that the indictment contained only one count and that the effect of dismissal of the charge against Wright was to dismiss the charge against this defendant, hence there is no indictment pending against him at this time. Further that subsequent to the defendant's first trial his co-indictee, Wright, has been tried on the theory of a conspiracy, and found guilty of a lesser offense, and that defendant cannot be found guilty of a greater offense than his coconspirator.

In support of the motion to quash and the plea in abatement defendant offered exhibits A and B. Exhibit B is a certified copy of the trial court's order entered in Wright's case on July 21, 1952. The order reads as follows:

"Comes now the State of Alabama by its Solicitor, W. L. Almon, and comes also the defendant in his own proper person and by attorneys, Bradshaw and Barnett, and in this case it appearing from the evidence that there was a variance between the allegations of the indictment and the proof, in this, that the name William C. Wright was known to the Grand Jury and was not listed in the indictment, and

that the indictment stated that the defendant's name was not otherwise known to the Grand Jury, and the defendant not consenting to allow the indictment to be amended, on Motion of the State's Solicitor, the prosecution is dismissed as to defendant Wright before the defendant was arraigned and before the jury retired and another indictment to be preferred by the next Grand Jury. The defendant is ordered held under the same bond subject to the action of the next Grand Jury of this County."

Exhibit A, is a certified copy of a judgment entry reciting that at the November 1955 term of court Wright was tried on his separate indictment and was adjudged guilty of manslaughter in the first degree and sentenced to six years imprisonment in the State penitentiary.

The court denied the motion to be allowed to withdraw the plea of not guilty, and granted the State's motions to strike both the plea in abatement and the motion to quash the indictment.

The case went to trial and the jury returned a verdict of guilty of manslaughter in the first degree and fixed the punishment at six years' imprisonment in the penitentiary. Defendant's motion for a new trial was overruled. The court adjudged defendant guilty and sentenced him in accordance with the verdict. Defendant appeals.

Appellant insists that Wright and Berness were indicted on the theory of a conspiracy, and, the indictment being joint and containing but one count, the effect of the nol. pros. as to Wright operated as an acquittal of the charge as to Berness, therefore, the court erred in its rulings as above set out. There is no merit in this argument.

■ The majority rule is that if a nolle prosequi is entered as to one of two persons accused of conspiracy the other must be discharged, since it requires more than one person to commit the crime of

conspiracy. 14 Am.Jur. Crim.Law, Sec. 303, p. 970, and cases cited. See also Jones v. State, 16 Ala.App. 477, 79 So. 151.

■ But where the offense charged, though perpetrated by one act, is several as well as joint, a nol. pros. may be allowed as to one or more persons indicted jointly and a trial had on the merits as to the others. Jones v. State, supra.

■ The indictment here does not charge conspiracy. It charges murder in the second degree. "Offenses of this character are several as well as joint; and one defendant may be acquitted and another convicted, or one may be found guilty, and subjected to severer punishment than may be visited on another, who is also found guilty." Crawford v. State, 112 Ala. 1, 21 So. 214, 221.

But even where the offense charged is conspiracy, the general rule seems to be that so long as the disposition of the case against a co-conspirator does not remove the basis for a charge of conspiracy, a single defendant may be prosecuted and convicted of the offense. See citations of authority, in the Annotation "Disposition of Case against Co-conspirator" 97 A.L.R. 1312.

The effect of the court's order here, based on the provisions of Code 1940, Title 15, Sections 253, 254, was not to free Wright from further prosecution for the same offense. Reeves v. State, 31 Ala. App. 226, 16 So.2d 697, certiorari denied 245 Ala. 237, 16 So.2d 699; Oliver v. State, 234 Ala. 460, 175 So. 305. "Its only effect is, to put an end to the then prosecution, before the prisoner had been jeoparded thereunder." Walker v. State, 61 Ala. 30.

■ Too, as was said in Aaron v. State, 39 Ala. 75, the dismissal of the prosecution as to Wright, because of a variance, and another indictment ordered, could neither benefit nor prejudice Berness' rights.

In the Aaron case, Aaron and Ranty were jointly indicted for murder. The indictment contained two counts. A sever-

ance was granted and the defendants were tried separately. On his first trial Aaron was convicted under the first count of the indictment. The conviction was reversed. On his second trial a nol. pros. was entered on the second count. Defendant was again convicted. After the verdict was rendered but before sentence was pronounced, Ranty's demurrer to the first count was sustained; and he was tried and acquitted on the second count. Aaron moved in arrest of judgment.

The Supreme Court said:

"It is contended that the judgment should have been arrested, because there was, in fact, no indictment pending against Aaron; the first count having been pronounced defective, under Ranty's demurrer, and the second count having been nolle-prossed in Aaron's case. There is nothing in this argument. * * * The judgment was res inter alios acta, and could not, in any way, affect the sufficiency of the indictment as against Aaron."

■ We are of opinion the court's rulings were proper.

What we have said hereinabove disposes of the appellant's insistence that the court erred in overruling the motion to exclude the evidence on the ground that the original joint indictment had been dismissed as to Wright, the effect of which was also dismissal as to Berness.

Appellant insists that the court erred in admitting evidence on the theory of a conspiracy, over defendant's objection, and in charging the jury as to conspiracy, a conspiracy not being charged in the indictment.

In Cooper v. Commonwealth, 300 Ky. 770, 189 S.W.2d 949, 954, where the indictment charged forgery, the court said:

"It is the rule that the court should give instructions on every phase of the case deducible from the evidence, and we have held the acts showing or tend-

ing to show conspiracy to do a felonious act may be proven, even though the indictment failed to expressly charge a conspiracy, and if the proof warrants it, an instruction on conspiracy and aiding and abetting. Ray v. Commonwealth, 230 Ky. 656, 20 S.W.2d 484, 66 A.L.R. 1297." See also Underhill's Crim.Evidence, 4th Ed. p. 1408.

"Conspiracy, or a common purpose to do an unlawful act, need not be shown by positive testimony. Nor need it be shown that there was pre-arrangement to do the specific wrong complained of. When two or more persons enter upon an unlawful enterprise with a common purpose to aid, assist, advise, or encourage each other in whatever may grow out of the enterprise upon which they enter, each is responsible civilly and criminally for everything which may consequently and proximately result from such unlawful purpose, whether specifically contemplated or not, and whether actually perpetrated by all or less than all of the conspirators." Martin v. State, 89 Ala. 115, 8 So. 23, 24. See also Jones v. State, 174 Ala. 53, 57 So. 31.

In State v. Sarver, 134 Kan. 98, 4 P.2d 440, defendants were convicted for driving while intoxicated. There was no direct evidence as to which of the two was driving the automobile. The court said: "They acted jointly in the travel adventure, and in the unlawful possession and use of intoxicating liquor on the trip. They were acting with a common purpose in the violation of law."

Under the evidence there was no error in the court's action in the admission of evidence nor in instructing on the question of conspiracy and aiding and abetting.

The facts and circumstances are fully set out in the opinion of the court in the first appeal, Berness v. State, supra, and are adopted as the facts of this case. The only additional evidence introduced on the second trial was that of an insurance adjuster called to investigate the accident on behalf of the insurer of the automobile. The owner of the automobile was shown to be Louise Putnam Berness. The insurance policies were introduced in evidence.

Appellant insists there was error in the statements of the trial court in its oral charge on conspiracy and aiding and abetting that, "even though Mr. Berness was not driving the car but that Mr. Wright was driving and that Berness either owned the car or had the possession and control of it that day, and that Mr. Berness was there aiding and abetting," etc. It is appellant's contention that the law as laid down by this court on the first appeal applied solely to the owner of an automobile, there being no evidence before the court in that case that defendant was not the owner.

We cannot agree. The following cases illustrate our view that ownership of the automobile in Berness was not necessary to fix his responsibility for the acts of the driver. Windham v. Newton, 200 Ala. 258, 76 So. 24; Downes v. Norrell, 261 Ala. 430, 74 So.2d 593; Woodson v. Hare, 244 Ala. 301, 13 So.2d 172; McCulloch's Adm'r v. Abell's Adm'r, 272 Ky. 756, 115 S.W.2d 386; State v. Sarver, supra; Commonwealth v. Pollinger, 45 Pa. Dist. & Co. R. 689, 58 Montg.Co. Law Rep. 386.

The verdict being for a lesser offense, the exceptions to the oral charge relating to the offense of murder in the second degree are not before us for review. York v. State, 34 Ala.App. 188, 39 So.2d 694, certiorari denied 252 Ala. 158, 39 So.2d 697.

The owner, or the person having the possession and control of an automobile, who permits a person he knows, or should know, is intoxicated, to drive it in such manner that death results to another, may be convicted of manslaughter

in the first degree. Berness v. State, supra; [i] State v. Hopkins, 147 Wash. 198, 265 P. 481, 59 A.L.R. 688.

In his statement made to the officers the next day after the accident the defendant said that on the afternoon in question he and Wright drank beer in Sheffield and at Shoals City, bought bootleg whiskey at Florence, and got another pint of whiskey at another place, that he was half asleep and Wright was driving when Wright said "I don't think I hit her" and stopped the car and they got out and looked at the girl, and someone said it was all right to go on and they left. "I think we were going East when it happened or after we left the accident, I think we were gong East, and Claud was driving, but from then on, I don't know. Somebody told me I was driving, so I don't know who was driving. We both had been drinking; I was drunk, I know I was drunk, and I guess that Claud was drunk."

From this evidence the jury might well conclude that Wright's intoxication was known, or should have been known to defendant, at the time he intrusted the driving of the car to him, and there is no merit in appellant's insistence that the State failed to present evidence showing that Berness had knowledge of Wright's drunken condition.

The evidence presented questions for the Jury's determination and was sufficient to sustain the judgment of conviction; There was no error in the refusal of the affirmative charge nor in the denial of the motion for a new trial.

The judgment is affirmed.

Affirmed.

CATES, Judge (concurring).

I wish to add to Judge PRICE's able opinion an extension as to the aspects of conspiracy. There was evidence from which the jury might have found Berness and Wright combined to carry a pint of whiskey from a wet county into a dry county. Also, it could be said that they combined to ride in and to have the car driven by one of them when both were intoxicated to a degree that would make the driving of the car by either of them an unlawful act.

Not all agreements, even if for unlawful ends, are conspiracies, Miles v. State, 58 Ala. 390. Moreover, the defendant, had he asked for it, would have been entitled to a further instruction to the jury on criminal responsibility pointing out that the latitude of the implied agency of one actor in a conspiracy for his fellows varies proportionately with the flagrancy and viciousness of the object of the conspiracy. Williams v. State, 81 Ala. 1, 1 So. 179.

The defendant's remedy was to have asked for further charges, Patterson v. State, 37 Ala.App. 161, 66 So.2d 191.

In my view, the mere presence of the two together drunk in a moving vehicle is not alone proof of a conspiracy. However, the continuance of the joint venture by one in control of the car is sufficient to make him an abettor, a principal in the second degree as to the homicide. The common law differences between the chief felon and his helpers having been abolished, the abettor is equally responsible. Code 1940, T. 14, § 14.

On Rehearing.

PRICE, Judge.

Appellant's counsel requests that our opinion be extended so as to set out in full (1) motion to quash the indictment; (2) plea in abatement; (3) amendment to motion for new trial; (4) defendant's given charge 30; (5) defendant's refused charge 12; (6) this statement of the solicitor following defendant's objection to questions concerning Wright's actions: "It is our theory that there was a conspiracy and what one did was binding on the other."

The pleadings have been incorporated in the original opinion by reference, and the

Supreme Court has said that it will examine the record when necessary to a more complete understanding of the features of the record treated by us. This includes the issues made by the pleadings, as well as charges, et cetera. Cranford v. National Surety Corporation, 231 Ala. 636, 166 So. 721; Sinclair Refining Co. v. Robertson, 247 Ala. 260, 23 So.2d 872; John E. Ballenger Const. Co. v. Joe F. Walters Const. Co., 236 Ala. 546, 184 So. 273.

We did not treat the charges referred to herein in our original opinion. Refused charge 12 was the general affirmative charge as to murder in the second degree. Error cannot be rested upon refusal of this charge, the defendant having been convicted of manslaughter. Hubbard v. State, 36 Ala.App. 110, 53 So.2d 631; Shikles v. State, 31 Ala.App. 423, 18 So.2d 412.

The defendant cannot complain because of the court's giving to the jury of charge 30, requested by him and which was favorable to him.

Application overruled.