273 So.2d 186

**AMERICAN FIRE & CASUALTY COMPANY, a corporation**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation.**

**SC 35.**

Supreme Court of Alabama.

Feb. 1, 1973.

London, Yancey, Clark & Allen, and Clarence L. McDorman, Jr., Birmingham, for appellant.

Rives, Peterson, Pettus, Conway & Burge, Birmingham, for appellee.

HARWOOD, Justice.

At the time of the accident, which is the basis of the proceedings below, the American Fire and Casualty Company, hereinafter referred to as American, had issued to Mrs. Joel T. Blankenship an automobile liability insurance policy covering an automobile owned by Mrs. Blankenship.

At this same time, there was in effect an automobile liability policy issued by State Farm Mutual Automobile Insurance Company to Jack W. Palmer and his wife Beverly Palmer covering a Chevrolet automobile owned by the Palmers.

On 11 June 1968, Mrs. Blankenship was driving the Palmer automobile with Mrs. Palmer's permission. Sandra Blankenship, the young and unemancipated daughter of Mrs. Blankenship, and Mrs. Palmer and Callie Palmer, the young and unemancipated daughter of Mr. and Mrs. Palmer, were riding as passengers.

An accident, involving only the Palmer automobile occurred, and Mrs. Blankenship was killed. Sandra Blankenship, Mrs. Palmer, and Callie Palmer received injuries, apparently of a serious nature.

It was stipulated that "it was the tortious conduct of Mrs. Joel T. Blankenship which caused the accident and the injuries sustained by Sandra Blankenship, Callie Palmer, and Mrs. Jack W. Palmer."

Thereafter American paid to Mrs. Palmer and Mr. Palmer $16,600, and obtained a release from them for all claims they might have against the administrators of the estate of Mrs. Blankenship growing out of the accident.

In a pro ami suit in the Circuit Court of Jefferson County, Bessemer Division, in behalf of Callie Palmer against the administrators of the estate of Mrs. Blankenship, a court approved consent judgment of $500.00 was entered and paid by American for the injuries to Callie Palmer.

Likewise, in a pro ami proceeding a consent judgment in the amount of $18,000.00, approved by the court, was entered in behalf of Sandra Blankenship. This judgment was also paid by American.

It was stipulated that the above mentioned pro ami suits and settlements were made without the consent of State Farm, and were processed by attorneys representing American under the provision in American's policy authorizing American to "make such investigation and settlement of any claim or suit as it deems expedient."

American then filed a declaratory action in which the above facts were in substance set out, State Farm being named as respondent.

The bill prayed that the court, (1) decree whether the policy issued by State Farm afforded primary liability coverage, (2) that rights, duties, and responsibilities of American and of State Farm under their respective policies be declared, and, (3) that State Farm be ordered to pay to American $35,100.00 for the monies paid out in the settlements made by American.

State Farm filed its answer. A copy of the policy issued by it to the Palmers was attached to and made a part of the answer.

A stipulation of facts was entered into and the cause was submitted on the bill, answer, and exhibits, it being agreed that the stipulation of facts should serve as a note of testimony.

The court thereafter found that State Farm "is not liable under any of the claims or alleged causes of action as set forth in the pleadings in this cause and Complainant [American] is without basis for any item of affirmative relief inhering to its benefit and prayed for in the Bill of Complaint * * *"

The Chancellor then ordered and decreed that the cause be dismissed. This appeal followed.

The coverage provisions of the State Farm policy determinative of the points raised in appellant's brief and assignments of error are in pertinent parts as follows:

"To pay in behalf of the insured all sums which the insured shall become *legally obligated* to pay as damages because of (A) bodily injury sustained by other persons, and (B) property damage * * *" (Emphasis ours.)

Under the definitions applicable to the insuring agreements the "insured" is defined to be:

"(1) the named insured, and

"(2) if the named insured is a person or persons, also includes his or their spouse(s), if a resident of the same household, and

"(3) if resident of the same household, the relative of the first person named in the declarations, or of his spouse, and

"(4) any other person while using the owned automobile, provided the operation and the use of such automobile are with the permission of the named insured or such spouse and are within the scope of such permission * * *"

Under the Exclusion provisions of the policy it is provided that:

"This insurance does not apply under * * *

* * * * * *

"(i) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured * * *"

■ American's policy with Mrs. Blankenship provides that, in case of a non-owned automobile, coverage "shall be excess insurance over any other valid and collectible insurance." American contends that State Farm's policy does afford "other valid and collectible insurance." We do not agree.

Clearly Jack Palmer and Mrs. Palmer, the named insureds, and Callie Palmer, their daughter, all relatives and residing in the same household, were excluded from coverage under the Exclusion provisions in the State Farm policy.

As to Sandra Blankenship, counsel for appellant seeks to place her within the coverage of the State Farm policy, if we understand counsel's argument, on the theory of respondeat superior. In brief counsel for appellant argues:

"It is therefore clear that Mrs. Palmer's presence in the automobile made her legally liable for the actions of Mrs. Blankenship."

While admitting that there could be no direct suit by Sandra Blankenship against her mother, because of the doctrine of parental immunity (see Owens v. Auto Mutual Indemnity Co., 235 Ala. 9, 177 So. 133), counsel for appellant further states:

"However, Mrs. Blankenship's estate could certainly be held liable for the injuries sustained by Sandra Blankenship on the doctrine of respondeat superior."

It is well settled under the doctrines of our cases that permissive use of an automobile *alone* does not furnish any basis for liability against the owner. See Thompson v. Curry, 36 Ala.App. 334, 56 So.2d 359; Downes v. Norrell, 261 Ala. 430, 74 So.2d 593, and innumerable authorities cited in the above two cases.

The bill of complaint merely states:

"V. That on the 11th day of June, 1968, Mrs. Joel T. Blankenship, complainant's [American's] insured, was operating the automobile referred to in Paragraph III of this bill with the permission of respondent's [State Farm's] insured, when the said automobile was involved in a one car accident."

The stipulation of facts entered into between the parties states only that:

"The allegations of Paragraph V of the complaint are true and correct."

Thus, under the allegations in the bill, and the stipulation of facts, there is nothing that would remove the point now being considered from the rule enunciated in Thompson v. Curry, supra, and Downes v. Norrell, supra. That is, there are no averments to the effect that the owner of the borrowed automobile was riding therein and directing its operation, or that the driver of the automobile, while driving it with the owner's permission, was driving solely for the benefit of the owner, etc. We cannot supply such facts by speculation, and without such speculation there is nothing on which the doctrine of respondeat superior could be rationally based.

Counsel for appellee has set forth several other reasons and arguments designed to demonstrate the fallacies in the contentions of counsel for appellant which seek to impose liability on Mrs. Palmer, and thus invoke the coverage of the State Farm policy. In several instances, appellee counsel's argument appears meritorious. We see no need to discuss these additional replies to appellant's contentions, however, being clear to the conclusion that what we have written is dispositive of this point.

Affirmed.

MERRILL, MADDOX and McCALL, JJ., concur.

HEFLIN, C. J., concurs in result.