Robert L. DAVIS et al.,
Plaintiffs-Appellants,

v.

The MASON AND DIXON TANK LINES, INC. and Teamsters Local Union No. 549, Defendants-Appellees.

Court of Appeals of Tennessee,
Western Section.

April 1, 1975.

Certiorari Denied by Supreme Court
Sept. 22, 1975.

---

Arnett, Draper & Hagood, Knoxville, Kenneth Wright, Wright & Minor, Kingsport, for plaintiffs-appellants.

John S. McLellan, Edward O. Norris, James W. Bradford, Jr., Edward L. Treadway, Hunter, Davis, Norris & Treadway, Kingsport, for defendants-appellees.

CARNEY, Presiding Judge.

Plaintiffs below, Robert L. Davis, et al, have appealed from a decree of the Chancery Court of Sullivan County dismissing their suit against the defendants, Mason and Dixon Tank Lines, Inc. and Teamsters Local Union No. 549. The plaintiffs, Robert L. Davis, et al, being nine former tank truck drivers and employees of Mason and Dixon Tank Lines, Inc. brought suit for damages against the truck drivers' local union No. 549 for an alleged breach of the Union's statutory duty of fair representation toward said plaintiffs. They also sought reinstatement of their jobs with full back pay and other fringe benefits and seniority rights as against their former employer, Mason and Dixon Tank Lines, Inc.

A jury answered nine issues of fact. Most of the answers were favorable to plaintiffs. However, the Chancellor felt that the answer to number nine, favorable to defendants, was determinative of the case and he entered judgment for the defendants.

For many years the plaintiffs had been members in good standing of Teamsters Local Union No. 549 which had functioned as the sole and exclusive bargaining representative of all truck drivers and related employees of Mason and Dixon Tank Lines including the plaintiffs.

Over the years several collective bargaining contracts had been consummated between Mason and Dixon Tank Lines and Local No. 549. The most recent agreement was entered into on February 1, 1966, for a term expiring March 31, 1970. All of the plaintiffs were covered by the terms of this most recent bargaining agreement.

On May 28, 1969, about 11:00 P.M. a temporary work stoppage or strike was called by several of the tank driver employees to protest certain practices of dispatching of tank truck drivers by Mason and Dixon. Picket lines were formed but the strike ended shortly before twelve noon on May 29, 1969. Twelve of the employees, including the nine plaintiffs herein, were discharged by Mason and Dixon Tank Lines.

In accordance with the bargaining agreement, on June 11, 1969, in Dallas, Texas, a hearing was held before the Southern Conference of Teamsters, Tank Lines Grievance

Committee, a joint committee of Union and Company representatives, regarding the legality of the discharge of the twelve employees. The twelve employees were represented at the hearing by the President and Business Agent, Secretary-Treasurer and Assistant Business Agent of Defendant Local 549. At the hearing, representatives of the Union testified that the work stoppage was not authorized but was "a wildcat strike." The Committee reinstated three of the twelve employees to their former jobs.

Plaintiffs then hired private counsel and sought a rehearing before the Grievance Committee without success. They contended that the Union did not represent their cause in good faith; that the Local Union had, in fact, authorized or ratified the strike but testified to the contrary before the Grievance Committee in order to save itself from being liable for damages to Mason and Dixon Truck Lines.

After the Grievance Committee refused to give the plaintiffs their second hearing, the present suits were brought in the Chancery Court of Sullivan County, Tennessee, by the plaintiffs against the Mason and Dixon Tank Lines and the Union for reinstatement, back pay, etc. and for damages for lack of good faith in representation before the Grievance Committee.

The plaintiffs demanded a jury and the Chancellor submitted nine issues to the jury which were answered mostly in favor of the plaintiffs as follows:

### "ISSUE No. 1

Was the decision of the Southern Conference of Teamsters Tank Lines Grievance Committee on June 11, 1969, denying complainants' grievances based on a full and fair hearing in which complainants were fairly represented by the Union?

Yes ____    No  X

### ISSUE No. 2

Did the defendant local union No. 549 authorize or ratify the strike by plaintiffs?

Yes  X    No ____

### ISSUE No. 3

Did the defendant, Truck Drivers and Helpers Local No. 549, breach its duty of fair representation to the complainants or any of them?

Yes  X    No ____

### ISSUE No. 4

If your answer to Issue No. 3 is 'Yes', are the complainants or any of them entitled to damages from the defendant, Local 549?

Yes  X    No ____

### ISSUE No. 5

If your answer to Issue No. 4 is 'Yes', what is the amount of damages due each of the plaintiffs from Local 549?

| | |
|---|---|
| Davis | $ 7,500.00 |
| Ketron | $11,500.00 |
| Hall | $13,000.00 |
| Armstrong | $10,000.00 |
| Davenport | $ 7,500.00 |
| Brooks | $ 2,000.00 |
| Cross | $ 2,000.00 |
| Carr | $10,500.00 |
| Hicks | $13,000.00 |

### ISSUE No. 6

Did the defendant, Mason and Dixon Tank Lines, Inc. wrongfully discharge the complainants or any of them?

Yes  X    No ____

### ISSUE No. 7

If your answer to Issue No. 6 is 'Yes', are the complainants or any of them entitled to be reinstated to their jobs by Mason and Dixon Tank Lines, Inc.?

Yes  X    No ____

### ISSUE No. 8

If your answer to Issue No. 7 is 'Yes', are the complainants or any of them entitled to other contract benefits, and seniority rights?

Yes  X    No ____

## ISSUE No. 9

Did the complainants engage in strike action against the defendant Tank Lines in violation of Article XV of the labor contract on May 28 and 29, 1969?

Yes _X_ No ____ "

Thereupon the defendant, Mason and Dixon Tank Lines, Inc., and the defendant, Teamsters Local Union No. 549, filed exceptions to the answers of the jury and made written motions for decrees notwithstanding the answers returned by the jury or in the alternative for new trials.

His Honor the Chancellor adopted the answer of the jury on special issue No. 9 as being a determinative issue of the litigation as to both of the defendants. He concurred in the finding of the jury in its answer to special issue No. 9 and found that the submission to the jury of the other issues was immaterial in the light of the jury's answer to special issue No. 9.

The Court further found that the defendant, Teamsters Local Union No. 549, prosecuted in good faith the grievances filed by the plaintiffs and that the proceedings and award of the Joint Area Committee were regular, fair, proper and in accordance with the long-standing custom and practice of the Committee. The Court found that the Teamsters were not guilty in fact or law of any breach of duty of fair representation and that the plaintiffs and each of them did engage in an unlawful strike in violation of Article XV (the no strike clause) of the contract for which they were lawfully and properly discharged from their employment. Thereupon, the Court dismissed plaintiffs' suits against all defendants. He also dismissed cross-actions by Mason and Dixon Tank Lines against the original plaintiffs. There is no appeal by defendant Mason and Dixon Tank Lines, Inc.

■ Plaintiffs' suits are under the authority of the Federal Labor Management Relations Act, 29 U.S.C.A. 141, et seq. (Taft-Hartley Act). The State Courts have concurrent jurisdiction with the Federal Courts in enforcing collective bargaining agreements but Federal law prevails in substantive interpretation of labor contracts. Local 174, *Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962); *Dowd Box Co. v. Courtney* (1962), 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483.

Plaintiffs seek damages against the defendant Union for alleged breach of its statutory duty of fair representation of the plaintiff members before the Grievance Committee. They seek reinstatement with pay and/or damages against the defendant, Mason and Dixon Tank Lines, Inc., employer, alleging they were illegally and wrongfully discharged from employment.

Article XV of the Collective Bargaining Agreement provides as follows:

*"No strikes—No lockouts.* No strikes, lockouts, walkouts, or slowdowns shall be ordered, sanctioned or enforced by either party hereto against the other during the life of this Agreement, except for failure of either party to abide by the decision of the grievance procedure pursuant to Article V (Grievance Machinery). The union further agrees that in the event of violation of the terms of this article, the employer may take disciplinary action, including discharge, against any employee who takes part therein."

■ A Grievance Committee, a Chancery Court jury of twelve citizens and a Chancellor have all found that the nine plaintiffs, appellants herein, did engage in a wildcat strike in violation of Article XV of the Collective Bargaining Agreement. Therefore, we hold that His Honor the Chancellor correctly held that the jury's finding on Issue No. 9 was determinative of the appellants' cause of action against the employer, Mason and Dixon. His Honor the Chancellor did not err in setting aside or disregarding the verdict of the jury as to the first eight findings of the jury insofar as they related to Mason and Dixon Lines, Inc. The Chancellor correctly dismissed the plaintiffs' lawsuit against Mason and Dixon Tank Lines, Inc. because Mason and Dixon Tank Lines, Inc. had a right to discharge the plaintiffs for said illegal strike activi-

ties. *Local 342, United Auto Workers v. T. R. W., Inc.,* 402 F.2d 727 (Sixth Circuit), certiorari denied, 395 U.S. 910, 89 S.Ct. 1742, 23 L.Ed.2d 223 (1968).

All of the assignments of error of the appellants as they relate to the appellee, Mason and Dixon Tank Lines, Inc., are overruled and the judgment of the lower Court affirmed. See *Bauman v. Smith* (1972), Tenn.App., 499 S.W.2d 935.

The evidence of the plaintiffs against the Union before the jury was as follows: that the wildcat strike was authorized and/or ratified by the officials of the defendant Union; that defendant Mason and Dixon Tank Lines, Inc. filed unfair charges of labor practices against the defendant Local 549 with the National Labor Relations Board averring that Local 549 authorized the work stoppage; that some of the plaintiffs were persuaded by officials of the defendant Union to perjure themselves and to make statements under oath to investigators of the N.L.R.B. that the officials of the Union did not authorize or ratify such wildcat strike; that based on sworn statements of some of the plaintiffs the N.L.R.B. ceased its investigations and Mason and Dixon Tank Lines, Inc. dropped its charges of unfair labor practices against the defendant Local Union 549; that the officials of the defendant Union promised that all of the plaintiffs would be reinstated to their jobs in consideration of the false swearing; that upon the hearing before the Grievance Committee, some of the plaintiffs admitted their perjury but officials of the defendant Union denied authorizing or ratifying the wildcat strike and denied asking the plaintiffs, or some of them, to perjure themselves; that the grievances of the plaintiffs were not properly prosecuted by the Union as exclusive bargaining agent; that little or no preparations were made for the hearing before the Grievance Committee and that the plaintiffs did not have a full and fair hearing before the Grievance Committee in Dallas, Texas.

While some of the questions presented to the jury involved mixed questions of law and fact, the jury found the sharply disput-ed issues of fact in favor of the plaintiffs, to-wit, that the defendant Local Union No. 549 authorized or ratified the wildcat strike by the plaintiffs; that the defendant Local Union did breach its duty of fair representation to the plaintiffs and that the plaintiffs were not fairly represented by the Union before the Grievance Committee.

■ The duty of the Union for fair representation of all of its members is enunciated in the cases of *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); and *Griffin v. International Union, United Auto Workers,* 469 F.2d 181, 182 (Fourth Circuit, 1972).

■ In our opinion the answer of the jury to question No. 9 that plaintiffs engaged in a wildcat strike is not determinative of the liability of the defendant Union to the plaintiffs. Such holding by the Chancellor is reversed. We respectfully disagree with counsel for defendant Union that the ruling of *Harbison v. Briggs Bros. Paint Mfg. Co.,* 209 Tenn. 534, 354 S.W.2d 464 (1962), relating to special verdicts supports the Chancellor's dismissal of the defendant Local Union.

■ Upon the trial below plaintiff was granted a jury trial under the authority of T.C.A. Section 21–1011, et seq. We sustain the assignments of error of the plaintiffs insofar as they relate to the answers of the jury on questions one, two, three, four and five. We hold that there was competent material evidence to support the finding of the jury on each of these issues and the findings of the jury had the same force and effect as in jury trials at law. T.C.A. Section 21–1016; *Davis, et al. v. Mitchell, et al.,* 27 Tenn.App. 182, 178 S.W.2d 889; and *James v. Brooks, et al.,* 53 Tenn. 150, 156 (1870).

His Honor the Chancellor was required either to approve these findings of the jury and award judgment against the defendant Union or if he disapproved of the findings of the jury, he could only set them aside and grant the defendant Union a new trial as in law cases.

The judgment in favor of such defendant Local No. 549 is reversed. The cause is remanded to the lower Court for a new trial on all issues between the plaintiffs and the defendant Local No. 549. The defendant Local No. 549 is taxed with the costs of this appeal. The costs in the lower Court, both in the first trial and upon the remand will be taxed by His Honor the Chancellor.

MATHERNE and NEARN, JJ., concur.