VALLEY FIDELITY BANK AND TRUST COMPANY, Plaintiff and Counter–Defendant–Appellee,

v.

The CAIN PARTNERSHIP, LTD., and Project Development Corporation, Defendants–Appellees,

and

Geneva M. Cain Anderson, Mary Helen Cain Harkins and Jennie B. Cain Corum Miller, Defendants–Counter–Plaintiffs–Appellants.

Court of Appeals of Tennessee, Eastern Section.

July 21, 1987.

Permission to Appeal Denied by Supreme Court Oct. 5, 1987.

Larry J. Parrish, Parrish & Mulrooney, P.C., Memphis, for defendants-counter-plaintiffs-appellants.

W'm C. Wilson, Ambrose, Wilson, Grimm & Durand, Knoxville, for plaintiff-counter-defendant-appellee, Valley Fidelity Bank & Trust Co.

William C. Myers, Jr., Wagner, Myers & Sanger, P.C., Knoxville, for defendants-appellees, The Cain Partnership and Project Development Corp.

OPINION

FRANKS, Judge.

In this declaratory judgment action, the dispute centers around whether under the terms of a lease agreement the trustee is required to collect $24,000.00 or $75,000.00 in annual rent from the partnership[1] for the trust.[2]

---

1. Cain Partnership, Ltd., is a limited partnership, formed for the purpose of the deceased's estate planning. It is composed of Lillie Mae Cain's three daughters as limited partners and Project Development Corporation as a general partner. Mrs. Cain's three daughters receive 93 per cent of the profit derived from the partnership.

2. Shortly after Lillie Mae Cain's death, all of her real property passed to a trust established to

The disputed lease is dated April 27, 1973, and was made prior to the death of Lillie Mae Cain, who leased all of her interest in her real estate holdings to the Cain Partnership, Ltd. As originally drafted, the lease provided for an annual rental of $75,000.00, payable in quarterly increments of $18,750.00.

The first quarterly installment was due on July 27, 1973, and $18,750.00 was paid to Lillie Mae Cain by the partnership. Shortly thereafter she died and the trust was established. During the remainder of 1973, only one other payment in the amount of $5,250.00 was received from the partnership, for a total of $24,000.00. Subsequently, all rental payments made by the Cain Partnership, Ltd., have been based upon an annual rental of $24,000.00.

The Cain sisters insist $75,000.00 is the required yearly rental due from the Cain Partnership, Ltd., and that the partnership has breached the lease agreement and owes the trust the sum of approximately $365,750.00 in past due rent.

Valley Fidelity is the successor trustee and in the documents delivered to it the lease agreement requires a yearly rental of $24,000.00 from the partnership. Subsequently, the trustee discovered another first page of the lease, requiring $75,000.00 in annual rent and, when the Cain sisters made a demand on the trustee to declare the lease breached and void due to the partnership's failure to pay $75,000.00 in yearly rental, the instant suit was filed.

The Cain sisters filed a counter-claim, asking the court to declare the lease breached and to collect the back rent moneys allegedly due.

At trial, a jury determined there was an unconditional and unqualified acceptance of the $75,000.00 lease between Mrs. Cain and the partnership. Additionally, the jury made a specific finding there was no subsequent modification or amendment of the lease by Mrs. Cain and the partnership agreeing to an annual rental of $24,000.00. Nevertheless, the jury determined the Cain

sisters and the original trustee, by their conduct, had approved and assented to rental payments in the amount of $24,-000.00.

The Cain sisters insist the jury did not make a finding of ratification and acquiescence and argue the requisite elements of these affirmative defenses have not been shown.

The issue submitted to the jury by the trial judge was:

Did the Cain Sisters of [sic] their agent(s), or the Original Trustee or Current Trustee or its agent(s), with full knowledge of the facts, by their or its acts and conduct, approve and consent to an annual payment of $24,000.00, instead of $75,000.00.

The trial judge, in instructing the jury, said:

Now, this is a question which deals with, although the word is not used, it deals with ratification, and the court is going to define ratification as the affirmance by a person of a prior act which did not bind him, but which was done or professedly done on his account whereby the act as to some or all persons is given effect as if originally authorized by him.

■ By affirmatively answering the issue, the jury sustained the defense of ratification and acquiescence. There is material evidence to support the determination that the Cain sisters approved and consented to an annual rental payment of $24,-000.00 in lieu of $75,000.00, with knowledge of the facts.

It is well established that findings of a jury in chancery actions approved by the chancellor have the effect of a jury verdict at law and will not be set aside if based on material evidence. *Davis v. Mason & Dixon Tank Lines, Inc.,* 539 S.W.2d 40 (Tenn. App.1975).

■ A voidable contract is subject to ratification. *Hinton v. Robinson,* 51 Tenn. App. 1, 364 S.W.2d 97 (1962), and rat-

---

benefit her three daughters, the Cain sisters, who are primary beneficiaries of the trust and

receive lifetime income from it.

ification can be described as "confirmation after conduct" manifested by acts or statements. *Osborne Co. v. Baker, et al.,* 35 Tenn.App. 300, 245 S.W.2d 419 (1951); *Bagley & Co. v. Union–Buffalo Mills Co.,* 9 Tenn.App. 63 (1928). Silence can amount to a ratification where a party with knowledge of the transaction fails for a reasonable time to protest or dissent. *McClure v. Evartson and Mottley,* 82 Tenn. 495 (1884). However, there can be no ratification unless a party is informed of the facts necessary to form an opinion. *Trotter v. Peterson,* 166 Tenn. 142, 60 S.W.2d 149 (1933); *Wagner v. Frazier,* 712 S.W.2d 109 (Tenn. App.1986).

The record is replete with evidence that the Cain sisters knew their copy of the lease called for a yearly rental of $75,-000.00, yet the parties stipulated that at least since June, 1981 the Cain sisters and the trustee knew or should have known that since the initial rent payment, all rental payments made by the partnership have been based upon an annual rental of $24,-000.00. Additionally, there is evidence the Cain sisters advised their accountants that they were aware of the page discrepancies surrounding the contractual rent and two of the sisters specifically advised the accountant that the $24,000.00 page was the correct page.

The Cain sisters made no complaint about the rental payments until this action was filed in 1983, yet they had received annual financial reports of the partnership since 1976 reflecting a yearly rental payment of $24,000.00. There is adequate material evidence to support the finding of the jury on the issue of ratification and acquiescence as to the $24,000.00 rental payments.

Based upon the jury's determinations, the chancellor held "the current trustee has no obligation to collect rent based upon an annual rental of $75,000.00 as such action relates to the Cain sisters." The chancellor correctly, in our opinion, limited his holding to the parties before the court and observed:

First, the court must make clear that the effect of the jury's answers do not extend to any parties which are not before the court, such as the successive or secondary beneficiaries. [Citations omitted.]

The court was concerned about the lack of the successor beneficiaries before this case was tried, but was assured by the attorney for the Cain Sisters that he represented their interests. Nevertheless, the court is limiting the effect of the jury's answers to the parties actually before the court.

Secondly, the Cain Sisters and the Current Trustee are bound by the Cain Sisters' and Original Trustee's ratification and acquiescence in a payment of an annual rental of $24,000.00 in lieu of $75,000.00.

We affirm the judgment of the chancery court, find the remaining issues to be without merit and remand, with costs of the appeal assessed to appellants.

SANDERS, P.J., and GODDARD, J., concur.